HIRAM W. JAMES v. EMILIE SCHROEDER, JOHN C. SCHROEDER, AND AUGUST ZOZEL.

*Arbitration agreement—Suit on bond for payment of award—Agreement and bond, not being executed simultaneously, need not be construed together—Agreement for appraisal on inspection by arbitrators—No occasion for the presence of any one else—Judgment of conclusively presumed correct if honestly exercised—In absence of proof to the contrary such exercise presumed—Mistake in computation of interest—If means of correction are furnished by the record, no ground for reversal of judgment—Falls under statute of amendments.*

1. The parties to a suit entered into a written agreement for the settlement of the matters of difference, specifying fully the terms and conditions, and providing for an appraisal, by a third party and two other persons to be selected by him, of the value of a pier, the ownership of which was involved in the suit; the report of such appraisers was to be ready for the parties in thirty days from the date of the agreement, which was undated.

Provision was also made for the execution of a bond by the plaintiff in the suit within ten days, conditioned for the payment of the award within ninety days after the report of the referees was ready for the parties, which bond was executed June 1, and the award made June 25, as found by the jury.

*Held*, in a suit on the bond, in which the defendant claimed that the appraisal was not made within thirty days from the execution of the agreement, that the papers, not being executed simultaneously, were not required to be construed together.

*Held*, further, that the bond being only given to secure the payment of the award and containing nothing upon its face to show that it referred to the agreement, and the surety—who was also a party defendant—not being shown to have known of the existence

of any such paper or to have supposed that he was stipulating in reference to it, the limitation as to the time for making the award formed no part of the condition of the bond, and the same, having been made strictly within the terms of the bond, was sufficient to fix the liability of the obligors.

*Held*, further, that the so-called reference was nothing but an agreement for an appraisal by the appraisers on their own inspection ; that there was no occasion for the presence of any one else ; and that it must be conclusively presumed that their judgment, if honest, was correct, and that it was honest if not shown to be otherwise.

2. Where in making an award otherwise held legal a mistake of $6.13 was made in computing interest, but the award was for a fixed sum, *held*, that such error may be corrected from the record itself, and is no ground for reversal, under the statute of amendments.

Error to Manistee. (Judkins, J.). Argued April 9, 1886. Decided April 15, 1886.

Debt on bond. Defendants bring error. Affirmed. The facts are stated in the opinion, and head-note 1.

*D. S. Harley*, for appellants :

The arbitration agreement is not dated, but the evidence shows that it was made May 24, 1883, while the appraisal was made June 25, 1883, thirty-two days afterwards, when it was required to be made in thirty days. This delay was fatal to the award : 2 Par. Contr. marg. p. 689 ; *Solomons v. M'Kinstry*, 13 Johns. 27 ; *Howard v. Edgell*, 17 Vt. 9 ; *Stanton v. Henry*, 11 Johns. 133 ; *Freeman v. Adams*, 9 Id. 115 ; *Brookins v. Schumway*, 18 Wis. 98 ; *Elliot v. Hanson*, 39 Mich. 157.

The defendant Emilie Schroeder was entitled to notice of the hearing, and had a right to be present before the arbitrators ; and it is no answer to say that they could determine the value of the pier by inspection, for they were not confined to this mode of arriving at such value, but could *examine* witnesses. The defendant had a right to be present and point out the broken plank, decayed timber, and any other facts tending to lessen the value of the pier : Morse on Arbitrations and Awards, pages 117–18 ; *Elmendorf v. Harris*, 23 Wend. 628 ; *Peters v. Newkirk*, 6 Cow. 103 ; *McKinney v. Paige*, 32 Me. 513 ; *Brown v. Leavitt*, 26 Id. 251 ; *Conrad v. Massasoit Ins. Co.*, 4 Allen, 20.

A bond given to secure the performance of a written con-

tract must be construed as if the contract were copied into
the preamble of the condition of the bond: *Bronson v.
Green*, Walker's Ch. 56; *Dudgeon v. Haggart*, 17 Mich.
273; *Johnson v. Moore*, 28 Id. 3; *Locke v. McVean*, 33 Id.
473; *White Sewing Machine Co. v. Mullins*, 41 Id. 339;
*Eberts v. Selover*, 44 Id. 519.

Under the instructions of the court, the jury must have
found that an agreement was made with Schroeder, the prin-
cipal obligor, to extend the time for making the appraisal.
Such an agreement released defendant Zozel, he being a
surety, and not a party to any such change in the arbitration
agreement; and if he was released the remaining defendants
were, for the bond sued upon is joint, and the action joint as
to all: *Farmers' & Mechanics' Bank v. Kercheval*, 2 Mich.
504; *Detroit v. Weber*, 29 Id. 24; *Smith v. Shelden*, 35 Id.
42; *Greenlee v. Lowing*, 35 Id. 63; *Johnston v. Kimball
Township*, 39 Id. 187; *Bullock v. Taylor*, 39 Id. 137; *Peck
v. Miller*, 39 Id. 594; *Todd v. Greenwood School District*,
40 Id. 294; *Gunn v. Geary*, 44 Id. 615; *Farnsworth v. Coots*,
46 Id. 117; *Probate Judge v. Abbott*, 50 Id. 479; *Mich.
State Ins. Co. v. Soule*, 51 Id. 312; and these considerations
bring the case directly within the principle of *Elliot v. Han-
son*, 39 Id. 157.

*Ramsdell & Benedict*, for plaintiff:

Argued that the award not being a statutory one, no extrin-
sic circumstances or matter of fact *dehors* the award can
be pleaded or given in evidence to defeat it; as, for example,
fraud, partiality, misconduct, or mistake of the arbitrators;
but that the remedy is in a court of equity: Story's Eq. Jur.
§1452; Kyd on Awards, 327; Caldwell on Arbitration, 407;
*Sisk v. Garey*, 27 Md. 401; *Hough v. Beard*, 8 Blackf. 158;
*Woodrow v. O'Conner*, 28 Vt. 776.

When the arbitrators are appointed they become sole judges
of law and fact, and it cannot be shown that they proceeded
corruptly; that inquiry is confined to a court of equity. It
cannot be shown that they were mistaken, or proceeded on
erroneous principles: *Bush v. Davis*, 34 Mich. 190; *Boston
Water Power Co. v. Gray*, 6 Metc. (Mass.) 131; *Mitchell v.
DeSchamps*, 13 Rich. (S. C.) 9; *Jones v. Boston Mill Cor-
poration*, 6 Pick. 148; *Conrad v. Johnson*, 20 Ind. 421;
*Crabtree v. Green*, 8 Ga. 8; *Curley v. Dean*, 4 Conn. 259;
*Smith v. Smith*, 4 Rand. (Va.) 95; *Jolly v. Blanchard*, 1
Wash. (C. C.) 252; *Cromwell v. Owings*, 6 H. & J. (Md.)
10.

No proofs or hearing was expected ; but if otherwise, failure to give notice of hearing to the parties is mere *misconduct* on the part of the arbitrators, not affecting their *jurisdiction* and is no defense to an action on the bond : *Burroughs v. David*, 7 Iowa, 159 ; *Sherron v. Wood*, 5 Halst. (N. J. Law) 7 ; *Miller v. Kennedy*, 3 Rand. 6 ; *Braddick v. Thompson*, 8 East, 344 ; *Grazebrook v. Davis*, 8 Dow. & Ry. 295 ; *Riddell v. Sutton*, 2 Moo. & P. 345 ; *Page v. Pendergast*, 2 N. H. 235.

The mistake in the computation of interest can be amended under How. Stat. § 7636.

CAMPBELL, C. J. Defendants were sued on a bond, dated June 1, 1883, whereby they bound themselves to pay, within ninety days after referees reporting, as follows :

" Whereas, the said Emilie Schroeder and the said Hiram W. James have been engaged in litigation in regard to a certain pier built by said James upon the land claimed by said Schroeder ; and whereas, the said parties have agreed to leave the value of said pier out to Otto Bauman, sheriff of Manistee county, and two other persons to be selected by him, which sum so found, as to the value of said pier, the said Emilie Schroeder has agreed to pay in ninety days from the date when said referees shall make their report,"—then if she should so pay, the condition should be void.

The referees reported June 25, 1883. This action is defended on the grounds that the award was for various causes invalid, the chief one being delay.

Evidence was given of an undated agreement, in a suit between Emilie Schroeder and Hiram W. James and David James, containing twelve separate divisions, which were in substance as follows: One article fixed a dividing line between Emilie Schroeder and Hiram James, leaving a certain pier on her land. The parties were to execute deeds of release of the various parcels to each other, according to this division, and were to occupy each one-half of the pier during the season of 1883. A certain mortgage was also to be released. They agreed to leave to Otto Bauman and two other men whom he should select " the valuation of said pier, and the sum so found as the value of said pier shall be paid by the said Schroeder to the said James within ninety days after the

report of the referees shall be ready for the parties hereto, which shall be within thirty days from the date hereof. Said report shall be in writing, signed by at least two of said referees, and shall be furnished on request to either party requesting the same. Said referees may determine the value of said pier from their own examination." Provision was also made for giving a bond within ten days to pay the appraised value.

This so-called reference was nothing more nor less than an appraisal by appraisers on their own inspection, and, in our opinion, there was no occasion for the presence of any one else. It must be conclusively presumed that their judgment, if honest, was correct, and that it was honest if not shown to be otherwise. This record shows nothing having a legal tendency to impeach it.

The only question which seems to us legitimately open on this writ of error is whether the appraisal made June 25, 1883, was lawfully made so as to hold defendants on their bond. We find nothing to change that date but a subsequent date set up, which the jury have discarded. It is claimed that the bond is confined to the period fixed by the written agreement, and that the appraisal was not made within thirty days from its execution. The testimony of John C. Schroeder, which is contradicted by all the witnesses knowing the facts, has a tendency to show that it was made thirty-one days after the agreement was signed by Mrs. Schroeder. The court held that the bond was not limited by the precise terms of the written agreement, and that if the appraisal was made by consent on June 25th it was sufficient.

The bond and reference were not papers executed simultaneously, and are not, therefore, within the rule that such papers must be construed together. The bond is not given to secure the performance of all of the conditions of the agreement, but only to pay the valuation, which was a separate item from the rest. It contains nothing on its face to show that it referred to any such document, and there was no testimony introduced to show that Zozel knew there was

any such paper, or supposed he was stipulating in reference to it.

Under these circumstances we do not think that any such limitation could be imported into the bond which should confine the obligation within the limits proposed. If the agreement had been dated, and had been shown to Zozel, he could no doubt have been entitled to rely upon it. But even if he had seen the undated agreement, and learned nothing further, he could not have presumed that it related back for any particular time earlier than his bond, and could have had no reason for requiring performance on any other basis. The appraisal as made was strictly within the terms of the bond, and he was in no way misled.

If this is so, all the other questions are unimportant.

The judgment must be affirmed, with costs, except as to the sum of $6.13, which plaintiff remits. As the award was for a fixed sum, and interest is purely a matter of calculation, the error in computation may be corrected from the record itself, and is therefore no ground for reversal, under the statute of amendments.

The other Justices concurred.