## AMERICAN FIRE INSURANCE COMPANY OF NEW YORK V.
## H. M. BELL.

### Decided June 10, 1903.

**1.—Fire Insurance—Void Appraisement—Omitting Articles.**

Where a fire policy provided that in case of loss and disagreement as to value appraisers were to be appointed who were to make an award "as to loss and damage of such property of the insured as was alleged to have been covered by the policy," the appraisers had no right to refuse to appraise certain articles of property alleged by the insured in his claim to have been destroyed, and their appraisement omitting such items was void.

**2.—Same—Waiver—Second Appraisement.**

By standing on the validity of the appraisement so made, the company waived its right to a proper and valid appraisement.

**3.—Same—Property Covered—Dental Books.**

Dental books are not covered by a policy on the furniture, chairs, gas apparatus, pictures, paintings, instruments, "appliances and materials incidental to a dental office."

**4.—Same—Articles Wrongly Included—Charge.**

Where the charge, in an action on a fire policy, erroneously permitted the jury to consider the value of the dental books, and the value of other articles was also sharply contested in the evidence, such error could not be held harmless on the ground that the other articles more than covered the insurance.

Appeal from the District Court of Galveston. Tried below before Hon. Wm. H. Stewart.

*Finley & Knight* and *F. M. Etheridge,* for appellant.

*Marsene Johnson,* for appellee.

FLY, ASSOCIATE JUSTICE.—Appellee instituted this suit to recover the sum of $1200, alleged to be due by reason of the destruction by fire of certain property insured by appellant against loss by fire. A trial by jury resulted in a verdict and judgment for appellee for the amount claimed.

Appellee is a dentist, and on April 25, 1901, the following property belonging to him was insured by appellant against loss by fire: "Office and sitting room furniture, dental chairs, gas apparatus, vulcanizers, electric motors, screens, pictures, paintings and their frames, at not exceeding cost, ornaments, instruments, appliances and material incidental to a dental office, while contained in the two-story brick composition roofed building, occupied for mercantile purposes and offices, situated on lot No. 10, of block No. 560, in the city of Galveston, Texas." Concurrent insurance in the sum of $4800 was permitted by the policy and was placed on the property by appellee. On the night of August 3, 1901, the property described was destroyed by fire. Demand was made upon appellant for the payment of the loss, which was refused. Appellant having disagreed with appellee as to the amount of the loss, the question as to amount of the loss was submitted to two appraisers.

The award was not agreed to by the appraiser appointed by appellee, and the other appraiser and the umpire agreed on a certain award which found the total loss to be $895, and appellant's proportion thereof $179. We find that the appraisers refused to estimate the value of numerous articles. The language of the policy as to appraisement is as follows:

"In the event of disagreement as to the amount of loss, the same shall as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss; the parties thereto shall pay the appraiser respectively selected by them and shall bear equally the expenses of the appraisal and umpire."

The appraisers also attempted to determine what articles were covered by the insurance policy, and arbitrarily refused to value certain articles because they did not believe that appellee had such articles, although he had sworn he had them.

It is the contention of appellant that when an appraisement is had under the provisions of the insurance policy, the award of the appraisers is binding upon both the assured and the insurer, and is only subject to attack on the ground of fraud, accident or mistake, or incompetency of the appraisers.

The terms of the policy clearly indicate the powers conferred and the duties imposed upon the appraisers. Their only duty was to value property which the insured claimed to have been destroyed by fire. They have no judicial powers conferred upon them which would authorize them to determine whether a piece of property was included in that named in the policy, nor did they have authority to decide what property was destroyed and refuse to appraise certain articles that they did not believe had been destroyed. The appraisers in this case, however, not only assumed the authority to decide what property was included within the terms of the policy and to reject the claims of appellee as to the destruction of his property because they did not believe he had such property, but they went further and refused to appraise certain instruments because they did not know what they were, and because they concluded that articles were included that could not have been consumed by the fire, and rejected other items because no fragments or remnants were left by which they could be identified. They also refused to appraise one article because it had a chattel mortgage on it. The appraisers usurped authority that can appertain only to courts or a board of arbitrators with full powers, and their action was binding upon no one.

They were appointed to appraise property and they failed and refused to do it, and their imperfect, unauthorized award is claimed to have all the sanctity and force of the judgment of a court of justice. There

was no appraisement in the terms of the policy, and it bound no one. In the case of Adams v. Fire Insurance Co., 51 N. W. Rep., 1149, the appraisers rejected and refused to appraise certain property because not included in the policy, and the Supreme Court of Iowa held: "Clearly the appraisers were not authorized to exercise their judgment as to what was or was not included within the policy. That was a matter the parties themselves had already determined by the terms of the submission and the schedule which was placed in the appraisers' hands. They were to appraise certain articles. They only appraised a part of them, and they undertook without a shadow of authority to determine that certain articles were not covered by the policy. * * * The law is well settled that an award will be set aside for such material mistakes and errors as prejudice either party; and it will also be set aside if the arbitrators omit to consider matters which were submitted to them."

The list of the property made out by appellee and which he claimed was destroyed was the only one presented to the appraisers, and by the very terms of their oaths they were to make an award "as to loss and damage to such property of Dr. H. M. Bell as was alleged to have been covered by the policy of said company." The property "alleged to have been covered by the policy of said company" was that included in the affidavit of loss made by appellee. They had no other list of property and refused to be guided by that, and appraised only the articles they deemed should be included in the policy or a dentist's office.

The award of the appraisers not being one authorized by the policy or the terms of the submission, was null and void, and it follows that all errors assigned in connection with charges concerning the award can have no interest or pertinency in the consideration of the case. However erroneous the charge may have been on that subject, it could not have affected the result.

Appellant presents this case as though the policy required, and the parties had fully submitted to, an arbitration of the points of difference between them. No such case is presented by the record, but it is a case of the appointment of appraisers, that is persons appointed and sworn to estimate and fix the value of certain goods embraced in a certain schedule. The duties imposed upon them were few and simple, and no authority can be cited that holds that the award of simple appraisers in the construction of the contract embodied in a policy of insurance is binding upon anyone. It is not held that appraisers are bound down to strict rules as to the manner of performing their duties, but that they can not exceed the authority confided to them by the terms of the policy or instrument of submission. It may be true that an appraisement was a condition precedent to a recovery, but the condition does not clothe appraisers with judicial powers.

Appellant has cited the case of Caledonian Ice Co. v. Fraub (Md.), 35 Atl. Rep., 13, as sustaining its contention in regard to the award of the appraisers. In that case the appraiser for the insured, after some progress had been made in the appraisement, withdrew, just as the ap-

praiser for the insured in this case did, and refused to have anything further to do with the work, and the work of appraisement was completed by the other appraiser and the umpire, just as was done in this case. The Maryland Court of Appeals held that the appraisement by the one appraiser and umpire was null and void, and held that if the act of the appraiser in withdrawing was without good reason, and was caused by the procurement of the insured, that the latter could not recover. If we apply that principle to this case there was no appraisement, and the question as to whether there was good reason for the withdrawal was a question to be submitted to a jury, unless the evidence was such that a court could assume that it was reasonable. We think the validity of the reason for withdrawal is so apparent that it did not involve any question worthy of submission to a jury.

There is no merit in the argument that if the award was void, appellant is entitled to another. By standing on the validity of the one made it has waived a proper and valid appraisement. Phoenix Insurance Co. v. Moore (Texas Civ. App.), 46 S. W. Rep., 1131; Adams v. Insurance Co., above cited.

In the list of articles shown to have been destroyed were included 360 dental books, alleged to have been damaged in the sum of $800, and appellant asked that a charge be given that appellee could not recover for that item, because not included among the property enumerated in the policy. The truth of the affidavit of loss was sharply contested, and circumstances were in proof tending to show that articles had been included that were not possessed by the insured, and that very high value had been placed on most of the articles, and under that state of case it was error to permit any article to be considered by the jury which was not included in the property named in the policy. Dental books may be and doubtless are very necessary to the proper operation of dental offices, but they can not be classed as furniture, chairs, gas apparatus, vulcanizers, electric motors, screens, pictures, paintings, instruments or appliances and material incidental to a dental office. The word "appliances" is very comprehensive in its meaning, but it has never been so broadened and expanded as to comprehend books, and the close conjunction in which it is used with the word "material" shows clearly that it has reference to mechanical appliances in connection with which the word is generally used.

It is argued by appellee that if the court did err in not excluding improper articles from the jury, no injury was inflicted because the other articles more than covered the insurance. That argument is untenable because the value of many other articles were contested, and it can not be ascertained what articles were accepted and what rejected by the jury. It may be that the value of many other articles was not considered, or was cut down by the jury, and the amount of the verdict depended on the value of the books.

As to the electric fans and other articles asked to be excluded, it may be stated that there was testimony tending to show that they might be

properly included with the articles insured, and it was not error to refuse to instruct the jury not to consider them.

The policy provided that each party should pay the expense and compensation of his appraiser, and an inquiry into the compensation paid to Dr. Patton by appellant was not justified by the facts and circumstances of the case. While the testimony showed that he had very broad and comprehensive ideas about the powers confided in him, there is no evidence of his being actuated by improper motives.

We do not think any of the other errors of which complaint is made are material, and a number of them are not likely to occur on another trial.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*