ALLIE M. COFFIN, Respondent, v. GERMAN FIRE INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, March 7, 1910.

1. FIRE INSURANCE: Arbitration. If a policy providing for arbitration of loss in case of disagreement, requires an ascertainment of the sound value of the property just before the fire, as well as the amount of the damage done, and the reference agreement does also, an award showing a refusal to ascertain the sound value is void.

2. ——: ——: Second Award. Where the insurance company insists that an award, which the courts hold to be void, is valid and binding, and so pleads it by answer, it is not necessary for the insured to seek another award.

Appeal from Jackson Circuit Court.—*Hon. Hermann Brumback,* Judge.

AFFIRMED.

*Fyke & Snider* for appellant.

(1) The failure of the award returned to state the sound value of the property damaged is immaterial

to any interest or question involved; there being no disagreement as to sound value. Cochran v. Bartle, 91 Mo. 636; Reeves v. McGlochlin, 65 Mo. App. 537; Tucker v. Allen, 47 Mo. 488; Iron Works v. Ice & C. Co., 96 Mo. App. 563; Allen v. Hickman, 156 Mo. 49. (2) If the return of the appraisers selected thereunder did not constitute an award, there has as yet been no appraisal, and no obligation can mature against respondent, until the amount for which it would be liable has been fixed and determined. Canfield v. Ins. Co. (Wis.), 13 N. W. 252; Carp v. Ins. Co., 104 Mo. App. 502; Carroll v. Ins. Co., 13 Pac. 863, 72 Cal. 297; Fowble v. Ins. Co., 106 Mo. App. 529.

*Reed, Atwood, Yates, Mastin & Harvey* for respondent.

(1) Under the policy of fire insurance which provides that in appraising a loss, the appraisers must fix and determine both the amount of the sound value before the fire and the loss and damage by the fire an award which fails so to do is invalid and of no binding force. Insurance Co. v. Garrett, 125 Fed. Rep. 589. (2) The plaintiff was under no obligation to demand a second appraisal where the first one turned out to be invalid. Adams v. Ins. Co. (Iowa), 51 N. W. 1151; Ins. Co. v. Bell (Texas), 75 S. W. 1321. (3) This waiver may occur because of an insistence upon the validity of the award by answer in the case as well as in any other way. Levine v. Ins. Co., 68 N. W. 860, citing May on Insurance, section 496b.

ELLISON, J.—Plaintiff instituted this action on a policy of fire insurance and recovered judgment in the trial court.

The policy provided that in the event the parties could not agree on the loss, appraisers were to be selected, who would arbitrate the amount, and that such amount should be considered due and payable in sixty

days thereafter. The part of the policy here in controversy provided that: "In the event of disagreement as to the amount of loss, the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and the company each selecting one, and the two so chosen shall first select a competent and disinterested umpire. The appraisers together shall then estimate and appraise the loss stating separately the sound value and damage, and failing to agree, shall submit their differences to the umpire and the award in writing of any two shall determine the amount of such loss."

The parties failed to agree and thereupon drew up an agreement submitting the loss to arbitrators, which contained this provision: "It is expressly understood that this agreement and appraisement is for the purpose of ascertaining and fixing the amount of sound value and loss and damage only to the property hereinafter described."

The arbitrators refused to find or appraise the "sound value" of the property as it was just before the fire and plaintiff for that reason refused to abide by the abitration or to recognize it as binding upon him. The face of the award shows that the arbitrators failed to act in a vital particular as to the matters submitted to them.

The policy under which the appraisers were selected was the source and limit of their authority and the award, to be binding, must conform to the submission. [Continental Ins. Co. v. Garrett, 125 Fed. Rep. 589.] That case involved the precise point made in the present controversy.

Defendant contends that the amount of the sum awarded to plaintiff was all he was interested in and that it was of no consequence that the value of the property before the fire was not ascertained. We think that is an unreasonable view. The insured, as well as the insurer, wanted to know, in this particular, the method

by which the arbitrators ascertained the loss, and to that end they stipulated that they should separately ascertain and find the value and the loss. When one hears, with some surprise, that a certain property has been damaged in a certain sum, it is quite natural to ask what was its value considered to be before it was injured. It seems to us that the provision for both findings, each to be separately stated, would operate as a check upon the appraisers against unfairness towards either party.

It is however said by defendant that if the award was invalid, then plaintiff should have proceeded to have a valid one made before bringing suit. Such question does not arise, since the defendant set up the award in its answer as a valid appraisement, and no suggestion was made that no appraisement had been made.

We have considered the case as presented. Plaintiff insists that the award was void on its face when considered with the reference agreement; and, on the other hand, defendant says plaintiff's point is not well taken because the value of the property before the fire is a subject of no possible interest in connection with the controversy. The judgment was manifestly for the right party and is affirmed. All concur.