## AETNA INS. CO. v. JESTER.

No. 2356. Opinion Filed January 21, 1913.

Rehearing Denied May 13, 1913.

(132 Pac. 130.)

1. INSURANCE—Conditions ..of Policy—Appraisement of Loss—Right to Introduce Evidence. Where a fire insurance policy provides that in the event of loss, if the insured and the company fail to agree as to the amount of loss, it shall "be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss"—the insured has the right, if he demands it, to introduce evidence before the appraisers as to the extent of his loss, and, where he is refused permission, upon demand, to introduce evidence, the award is not binding upon him.

2. SAME—Appraisement—Setting Aside Award—Second Appraisement. An insurance company, by asserting the validity of an award of appraisers, waives its right to have the loss again appraised when the first award is set aside for invalidity.

(Syllabus by Rosser, C.)

*Error from District Court, Washita County;*
*James R. Tolbert, Judge.*

Action by J. A. Jester against the Aetna Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Massingale & Duff* and *Burwell, Crockett & Johnson,* for plaintiff in error.

*Richard A. Billups,* for defendant in error.

Opinion by ROSSER, C. This is an action by J. A. Jester against the Aetna Insurance Company, brought on a fire insurance policy to recover for the loss of certain property by fire. The policy sued on contained the usual appraisal clause, which provided, in substance, that, if disagreement arose between the insured and the company with reference to the loss, it should be determined by appraisers, after appraisement, ascertainment, estimate, and satisfactory proof of loss had been received by the company, in accordance with the terms of the policy. It also provided that the insured and the company should select one appraiser, and that the two so chosen should select a competent and disinterested umpire; that the appraisers should then estimate and appraise the loss, stating separately sound value and damage, and, failing to agree, should submit their differences to the umpire; and that an award in writing of any two should determine the amount of such loss.

There was a disagreement and an appraisal was demanded and agreed to. The appraisers were appointed and made their award. The plaintiff attacked the award upon various grounds. He alleged that the appraiser selected by the company was not a competent and disinterested appraiser, as required by the terms of the policy, but that, on the contrary, he was a partisan of the company, a special friend and neighbor of the company's adjuster, E. B. Roberts, and that by reason of his intimate friendship with the adjuster was biased and prejudiced in favor of the company and against the plaintiff; that these facts were unknown to the plaintiff at the time of the selection of the appraiser by the company, and up to and including the time when the award was made; that the appraisers failed

and refused to estimate and appraise the loss, stating separately sound value and damage of each article damaged; but made their award in gross, over plaintiff's protest; that the appraisers failed and refused to make any award for such portions of the property as were totally destroyed by fire, and failed and refused to permit plaintiff to offer evidence as to the amount of the property which was totally destroyed by fire; that the award was grossly inadequate; that the appraisers, at the request of the company's adjuster, refused plaintiff an opportunity to offer material evidence as to his loss and damage, and refused to hear evidence that was duly and legally presented to the appraisers, and, over plaintiff's protest, made their award without hearing any evidence whatsoever. Other grounds were alleged, but it will not be necessary to refer to them.

The court instructed the jury, among other things, that if they found from the evidence that the plaintiff was not given a reasonable opportunity to present his evidence of loss at any time before the appraisers completed their work, and that they arbitrarily excused him from their presence and refused to hear him and to consider such evidence of his loss as he desired to make proof of, then the arbitration and award would be invalid, and that they should not consider it. The evidence upon this point showed that, after the appraisers were appointed, they went to Cordell, where the loss occurred, and that they spent one day in arranging the salvage, and that the plaintiff was with them assisting them during that time. According to the testimony of the plaintiff, when they met again the next morning, Mr. Bruce, one of the appraisers, told plaintiff that they had decided not to take an inventory, and that the plaintiff could not be present while they were appraising the property. The plaintiff asked if he would not be allowed the privilege of explaining his books, papers, and figures, and Mr. Bruce told him that he would not. He opened his safe, got out his books, papers, and records, and was making some explanation with reference to them when the company's adjuster came in, and he told the adjuster that he was explaining his books

to the appraisers, and the adjuster told him that he would not be allowed to do that; that neither plaintiff nor the adjuster was allowed to be present. Mr. Bruce admitted that he requested the plaintiff to retire, but claimed to have had all the necessary information before he did so. He also denied any recollection of the adjuster having been present and requesting the plaintiff to retire. On the same day the plaintiff employed counsel and notified Mr. Bruce, the company's appraiser, to come to the office of his counsel, and there plaintiff and his counsel both requested that the appraisal be reopened and that they be permitted to introduce evidence, but they were refused permission to do so. It was the duty of the appraisers to hear evidence.

In *Mason v. Fire Ins. Ass'n of Philadelphia,* 23 S. D. 431, 122 N. W. 423, in which a similar question is involved, the court said:

"While appraisers appointed under the terms of an insurance policy may not be required to proceed with that strictness required in common-law arbitration, they are still required to act with impartiality and to hear evidence and investigate the claims of the plaintiff, and to arrive at a reasonable, just, and fair conclusion, after hearing such evidence as to the rights of the respective parties. * * * Under our standard policy, the appointment of appraisers being compulsory, it is highly important that the men selected should in every sense be disinterested, and that the parties who are thus compelled to submit the question as to the amount of the loss or damage to such appraisers should have an opportunity to be fully heard before them, and to submit such proofs as may be necessary to support their respective claims. While possibly the appraisers may not be bound to adhere to the strict rules required by a court, they should nevertheless be required to give the parties a reasonable and fair opportunity to submit the evidence that may be *deemed necessary by them* in support of their respective claims affecting the amount of the loss and damage." (Italics ours.)

The facts of the case upon which this quotation is taken are very similar to the case at bar, so far as a refusal to hear evidence is concerned. See, also, *Canfield v. Watertown Fire Ins. Co.,* 55 Wis. 419, 13 N. W. 252; *Harth Bros. Grain Co. v.*

*Continental Fire Ins. Co.* (Ky.) 102 S. W. 242; *Stout v. Phoenix Ins. Co. of London,* 65 N. J. Eq. 566, 56 Atl. 691; *Insurance Co. v. Payne,* 57 Kan. 291, 46 Pac. 315. The policy in use in Minnesota seems to be on a special form for that state. It is held in that jurisdcition that the parties must have full opportunity to introduce their evidence. *Christainson Fire Ins. Co. v. Fire Ins. Ass'n,* 84 Minn. 526, 88 N. W. 16, 87 Am. St. Rep. 379; *Schoenich v. American Ins. Co.,* 109 Minn. 388, 124 N. W. 5.

Where an appraisal has been fairly conducted in accordance with the law and the terms of the policy, the finding of the appraisers is binding upon the parties, and the insured cannot disregard the appraisal and offer independent evidence of the amount of his loss. His rights, so far as the extent of the loss is concerned, are limited by the award of the appraisers. It would seem, therefore, that he should have an opportunity to make the same proof before the appraisers that he would have if the matter were being litigated in a court of justice, because the action of the appraisers will keep him from litigating the question again. It seems clear that he is entitled to introduce any competent evidence that he may have before the appraisers. From a reading of the whole record in this case, it seems clear that the appraisers did not fully consider his claims as to portions of the loss. If he had been permitted to testify, they could not have overlooked it.

It is true that there are cases which hold that it is not necessary for the appraisers to hear parties, but no case has been found where the appraisal was upheld when the appraisers had refused to hear the parties, or one of them. In the case of *Hall v. Norwalk Fire Ins. Co.,* 57 Conn. 105, 17 Atl. 356, relied upon by the plaintiff, the appraisal was upheld. One of the grounds urged against the appraisal was that the appraisers refused to hear plaintiff's evidence. The court said:

"The plaintiff accompanied the appraisers during the examination, described to them the rooms, informed them regarding the construction of the building, was freely inquired of by

the appraisers respecting matters involved in their examination, and was permitted to give all the information which he offered to give. Before the making of their award, the appraisers denied plaintiff no opportunity to appear before them and give any information or evidence respecting the subject of the appraisal."

In the case of *Vincent v. German Insurance Co.,* 120 Iowa, 272, 94 N. W. 458, also relied upon by plaintiff in error, one of the grounds of objection to the award was because Clarke was not notified of the hearing and did not participate in the award. The court said:

"With reference to failure to give notice, plaintiff has shown that no notice was given him, but it is undisputed that he told the appraiser appointed * * * that he did not want anything to do with it. This arbitrator also testified that he asked plaintiff to attend the arbitration, but that the plaintiff refused to do so. This clearly amounted to a waiver of notice, and authorized the arbitrators to proceed without plaintiff's presence. * * * We have left but one question, and that the alleged mistake and misconduct of the arbitrators. Claim is made that they refused to hear evidence. It is true that they did not take testimony, but they were not selected for that purpose. They were to ascertain and appraise 'the sound value of, and the loss upon, the property damaged.' To appraise is to estimate value, and we have no doubt that these arbitrators or appraisers were selected to make an appraisement, and not to hear evidence. The men selected by the parties were experienced contractors and builders, and the terms of the contract clearly indicated that an appraisal only was contemplated. That such an agreement is good, and that no notice to the parties is required in such cases, see *James v. Schroeder,* 61 Mich. 28, 27 N. W. 850; *Cobb v. Dolphin Mfg. Co.,* 108 N. Y. 463, 15 N. E. 438. We are not to be understood as holding that such arbitrators may not take evidence. All that we now decide is that their failure to do so under such a state of facts as are here presented will not avoid the award. The testimony leaves no doubt in our minds that neither party expected or intended to introduce evidence before arbitrators."

It will be observed that there is a great difference in the facts of that case and this. In that case only damaged property

was to be appraised. In that case there was no request for permission to introduce evidence. In this case there was a demand for permission to introduce evidence. The appraisers had something more to do than to look at the property and to appraise the damage. Some of it had been totally destroyed.

The company seems to take the position that, if the award first made was invalid, it is entitled to another appraisal. This position cannot be maintained. The company asserted the legality of the award and put upon plaintiff the burden of its invalidity. It thereby waived its right to an appraisement. *Am. Fire Ins. Co. of N. Y. v. Bell,* 33 Tex. Civ. App. 11, 75 S. W. 319; *Levine v. Lancashire Ins. Co.,* 66 Minn. 138, 68 N. W. 855; *Coffin v. German Fire Ins. Co.,* 142 Mo. App. 295, 126 S. W. 253.

The judgment should be affirmed.

By the Court: It is so ordered.