## RELIANCE INS. CO. v. BOWEN.
### No. 3916.

Court of Civil Appeals of Texas. Amarillo.
Nov. 23, 1932.

Thompson, Knight, Baker & Harris, of Dallas, for plaintiff in error.

Cocke & Cocke, of Wellington, for defendant in error.

### JACKSON, J.

This suit was instituted in the county court of Collingsworth county by the defendant in error, Bob Bowen, hereinafter called appellee, against the plaintiff in error, Reliance Insurance Company, hereinafter called appellant, to recover the sum of $500 on a fire insurance policy issued by appellant to appellee, insuring certain household goods, wearing apparel, and furniture alleged to have been damaged and destroyed by fire.

The appellant answered by general demurrer and general denial, and pleaded that its policy contained a provision to the effect that, in the event of a disagreement as to the amount of the loss, the claim should be submitted to appraisers on the demand of either party; that a disagreement arose, an appraisal was demanded, an appraisal agreement was entered into, appraisers were appointed, and an award was made fixing the amount of loss and damage at $163.25; that under the provisions of the policy the award so made was binding; and that appellant had tendered appellee said sum and made tender thereof into court.

By supplemental petition, the appellee admitted the disagreement as to the amount of the loss, entering into an appraisal agreement and the selection of appraisers. He pleaded, however, that the award was not binding, first, because the appraisers had not found sound values; second, because the appraisers had not furnished him with any written award; and, third, that they had heard no evidence as to the value of the property.

In response to special issues submitted by the court, the jury found that the furniture and property covered by the policy was damaged by fire and the amount of the damage thereto was the sum of $400. On these findings judgment was rendered that the appellee have and recover from the appellant the sum of $400 with his costs and interest, from which judgment this appeal is prosecuted.

The appellant presents as error the action of the trial court in holding that the award of the appraisers was not binding and in excluding it from the consideration of the jury on appellee's objection thereto.

The policy provided: "In the event of a disagreement as to the amount of loss, the same shall as above provided be ascertained by two competent and disinterested appraisers, the assured and this company selecting one and the two so chosen shall first select a competent and disinterested umpire. The appraisers together shall then estimate and appraise the loss, stating separately sound value and damages and failing to agree shall submit their difference to the umpire and the award in writing of any two shall determine the amount of loss."

Appraisers were appointed in compliance with this provision and made the following award:

"We the undersigned pursuant to the within appointment do hereby certify that we have truly and conscientiously performed the duties assigned to us in accordance with the foregoing stipulations and have appraised and determined the actual cash value of said property on the 6th of July, 1931, and the actual loss and damage thereto by the fire which occurred on that date, to be as follows, to-wit:

"Sound value $———.

"Loss and damage $163.25.

"Total amount of award $163.25."

"The terms of submission to appraisers, referees, or arbitrators, if they are lawful and properly within the policy requirements, must at least be substantially complied with, in order to render any award made by them binding, since such terms determine the extent and limits of the powers and authority conferred upon them, and if the award shows especially upon its face, an exceeding of authority, or a failure to act in a vital particular, or fails to conform to such requirements as to

the matters submitted, it will not be sustained. So, an award will not be sustained where the arbitrators refused to find or appraise the 'sound value' as it was before the fire, for which purpose the submission was made; and in such case the insurer cannot successfully insist that insured must have a valid award made before bringing suit." 7 Cyclopedia of Insurance Law (Couch) 5664, § 1618.

In American Annotated Cases, 1916A, page 345, under note, "Necessity that Arbitrators Determine all Matters Submitted to Arbitration," the editor says: "It is well settled that where parties refer their differences to arbitration, it is the duty of the arbitrators to pass on the whole subject in controversy, and if they do not dispose of the whole matter comprehended in the submission, and there remains some further act to be done or inquiry to be made in order that the award shall be final, it is void and will be set aside."

This is supported by the citations of decisions from numerous jurisdictions.

In Mason v. Fire Ass'n of Philadelphia, 23 S. D. 431, 122 N. W. 423, 427, the Supreme Court of South Dakota said: "It further appears, by an examination of the agreement for the submission to the appraisers, that they were appointed to appraise and estimate 'the sound value and loss' upon the property damaged and destroyed by the fire, and that the term 'sound value and loss' is repeated some three times in the submission. In the award, however, the appraisers find as follows: 'To the parties in interest: We have carefully examined the premises and remains of the property hereinbefore specified in accordance with the foregoing appointment, and have determined the loss and damage to be $638. Witness our hands at Sioux City this 28th day of July, 1906. A. N. Hadley, S. E. Brookman, Appraisers.' It will thus be seen that no statement is made therein that they had appraised the 'sound value' of the property. Sound value of the property is defined to be 'the cash value, making an allowance for depreciation due to use, etc., at and immediately preceding the time of the fire.' Continental Ins. Co. v. Garrett, supra [(C. C. A.) 125 F. 589]. This definition is plainly implied by the paragraphs contained in the submission. In the case at bar the court finds that the award is not in accordance with the submission, because the 'sound value' has not been estimated or appraised. In the case last above referred to it was held that this failure to find 'the sound value' of the property was a fatal defect in the award. And that learned court further held that failure to give notice to the parties of the time and place of the appraisal, so as to permit the introduction of evidence, rendered the award void. The trial court was clearly right, therefore, in holding the award void, and vacating and setting aside the same."

To the same effect is the holding in Coffin v. German Fire Ins. Co., 142 Mo. App. 295, 126 S. W. 253. The same principle is announced in 26 C. J. 423, § 559.

The Texas courts have approved this principle in the following cases: American Fire Ins. Co. of New York v. Bell, 33 Tex. Civ. App. 11, 75 S. W. 319; Security Insurance Co. v. Kelly (Tex. Civ. App.) 196 S. W. 874, 875; Great American Insurance Co. v. Marbury (Tex. Civ. App.) 297 S. W. 584; Fortune et al. v. Killebrew, 86 Tex. 172, 23 S. W. 976.

This assignment is overruled.

■ The appellant challenges as error the action of the court in admitting the testimony of appellee on the value of certain articles of furniture immediately before and immediately after the fire, over its objection that he failed to qualify on any kind or character of values and the testimony offered did not tend to prove the proper measure of damages.

The record discloses that the appellee was permitted to testify that a duofold was damaged in the fire; that he knew what it cost him, and that such cost was $50, and that its value was $50; that after the fire he did not know what the sound value was, but that it did not have any value.

The record shows that appellee had owned the property for approximately ten years, but does not reveal whether or not the furniture had a market value or a reasonable or intrinsic value.

Over similar objections, the appellee was permitted to testify as to the worth and value of numerous other articles which he claimed had been damaged without showing such qualifications as would entitle him to express an opinion as to the values.

"The kind or character of the value referred to in the rule fixing the measure of damages in actions resulting from the loss, destruction or injury of corporeal property will depend upon the circumstances of the case. If the property lost, destroyed or injured has a market value, such value is the value contemplated by the rule; if it has not, the contemplated value is its actual, reasonable, or intrinsic worth. If the property has neither a market value nor an actual, reasonable or intrinsic value, the proper measure of damages is its value to the owner—that is, the actual monetary loss sustained by him. While this rule is particularly applicable in cases wherein the property is irreplaceable, it appears to have been extended far enough to include such property as used household goods and the like.

"From these rules it is clear that a witness offered to prove the damages in any such suit must qualify himself on the question of value." 19 Tex. Jur. 188, § 123.

The admission of this testimony was error.

The judgment is therefore reversed, and the cause remanded.