ROBERT E. FLEMING, ET AL., APPELLANTS, v. KCKN BROADCASTING COMPANY, RESPONDENT.—233 S. W. 2d 815.

Kansas City Court of Appeals.   Opinion delivered October 2, 1950.

*Charles R. Westmoreland* for appellants.

*I. Frank Rope, Herbert M. Rope* for respondent.

VANDEVENTER, J. (Sitting by Order of the Supreme Court.)— This is an appeal from an order of the trial court dismissing, upon motion of defendant, the first amended petition of plaintiff, because it did not state facts upon which relief may be granted. The plaintiffs were given 20 days in which to further plead. This they refused to do and the order became final.

The petition alleged that Robert E. Fleming had been a radio announcer working for the defendant; that the American Federation of Radio Artists was a labor union organization affiliated with the American Federation of Labor and that plaintiffs Don Roberts, George Heller and A. Frank Reel were officers and representatives of the union. That defendant was a corporation (KCKN) engaged in broadcasting at Kansas City; that there was in full force and effect a collective bargaining contract between plaintiffs and defendant. (This contract, an original duplicate of which was in possession of defendant, was made a part of the petition by reference.) It was then alleged that under the terms of said contract that plaintiff Fleming had been in the employ of the defendant as a radio announcer from May 12, 1942 to March 30, 1948 at a salary of $80.00 per week. Among other things, the contract provided that the defendant was to recognize the American Federation of Radio Artists (referred to as AFRA) as the bargaining agency for their members. The contract further provided that all employees with one year's service should get vacations of two weeks with pay and that the employees with more than six months and less than one year of service were entitled to one week of vacation with pay; that the defendant could not terminate the employment of anyone except for "insubordination, misconduct or incompetency. * * *;" that in the event of any

difference of opinion between the parties hereto or between the company and any employee covered by the terms of the agreement, that such employee should have the right personally to present to the manager or other supervising head of the company his grievance and that an attempt should promptly be made to settle it. On the other hand, any grievance of the company might be presented to the duly authorized representative of the AFRA and a prompt attempt made to dispose of that grievance. It was further provided in said contract:

"(c) Any controversy or grievance which shall not be settled by the foregoing procedure to the satisfaction of the complaining party, *shall be submitted to arbitrators, one arbitrator to be designated by THE COMPANY, and one arbitrator to be designated by AFRA. If the two persons so selected shall not be able to, or not satisfactorily settle such grievance or controversy, then the two persons last named shall select a third member, and the three persons so designated shall constitute a Board of Arbitration who shall dispose of the matter, and their decision thereof shall be final.* If said two persons shall be unable, or shall fail to agree upon the third member, then such third member shall be appointed by the then Senior Judge of the United States District Court for the Western Division of the Western District of Missouri, or by any other Judge of said Court. The parties hereto shall share equally the expense of any such arbitration. *The arbitrators so selected shall within five (5) days after their selection or designation, be advised in writing by each of the parties of the issues which the Arbitration Board shall consider and determine, and the Board's decision and determination shall be limited to such issues, and such decision shall be rendered within fifteen (15) days, unless otherwise authorized by the arbitrators, after having been advised of the issues involved and shall be final and binding on the parties hereto and any employee covered hereby.*" (Italics ours.)

The petition then alleged that in violation of this contract the defendant discharged Fleming and in reply to a request for a service letter (See Sec. 5064 Mo. R. S. A.) gave the reasons for such discharge as "incompetency." Whereas, so the petition alleged, the facts were, that the employee was not discharged for incompetency and it was denied that he was in fact incompetent. It was then alleged that arbitration proceedings were conducted and on the 11th day of August, 1948, a purported award was made in writing by a majority of the arbitrators holding that defendant, in discharging said employee, was not arbitrary and capricious and therefore did not decide the issue of incompetency of plaintiff Fleming. It was then alleged in the petition that the arbitration award was not valid and binding on the parties because (a) that it was a common law

arbitration in that there was no submission in writing, no agreement for the entering of a court judgment and the purported award was not the unanimous award of the arbitrators, (b) the majority of the arbitrators went outside of and beyond the issues and terms of submission, all of which appears on the face of the award, and (c) that the arbitrators were prejudiced and partial in favor of defendant and against plaintiffs which is shown on the face of the purported award in that they designated the employee and the union as complainants and ruled that the burden of proof and proceeding was on the employee.

It then alleged that Fleming, because of his discharge, was damaged in his reputation as a radio announcer, that he suffered loss of wages and earnings, the total amount of which he could not state; that he also suffered embarrassment, humiliation, and mental anguish; was put to expense in seeking and securing other employment as well as the expense for attorney's fees and suit money in instituting this action and also the expense in participating in said arbitration.

The prayer asked, (a) that the arbitration award be held invalid and void, (b) that Fleming be reinstated as a radio announcer for defendant with all rights and benefits of said position including seniority, social security and back pay, with interest, as well as vacation pay from date of discharge to date of reinstatement, (c) that he be awarded damages adequate to compensate him for his loss, cost and expenses and, (d), for such other relief as may be equitable and just.

A copy of the opinion of the Board of Arbitrators was attached to the petition, marked "Exhibit A" and made a part thereof by reference.

The Board of Arbitrators found for the defendant and after reviewing a number of matters complained of relative to his conduct, the arbitration award said:

"The serious objection lodged against Mr. Fleming is that he did not possess a selling personality for KCKN and, consequently, was incompetent to meet their needs.

"It must be remembered that radio stations derive their money from advertising and that they must please their sponsors. In turn, radio stations must employ announcers suitable for selling the products offered to the public by the sponsors.

"The testimony is clear that the complainant did not measure up to this test. The testimony is further that he was extremely young, and while he had the zest and enthusiasm of youth, he did not have that personality which makes for a good announcer. He had great prospects, but has not yet developed. For example, he speaks his words too rapidly, and this very rapidity of speech tends toward mumbling and the mispronunciation of words or the transposition of various phrases. It is our con-

sidered opinion that no one is a better primary judge of such condition than the manager of the station.

*"We do not believe that any one single item could be pointed to which would denote incompetency within the meaning of this contract.* We believe that the series of events are cumulative; consequently, in conclusion, we are of the opinion that the ancient common law right to 'hire and fire' is reserved to the employer with the limitation that such discharge must be for one of the specified grounds, to-wit, misconduct, insubordination and incompetency. We think that the primary right of decision rests with the employer and that, under the contract, the question presented to the Board of Arbitrators is simply, 'Did the employer in the exercise of his limited prerogative (in discharging the complainant) act capriciously or arbitrarily?' We think that he did not. We believe that there is ample evidence to show that the complainant did not measure up to the requirements of the employer, and for that reason, the employer was not capricious in discharging Robert Fleming.'' (Italics ours.)

The record shows that the testimony before the Board of Arbitrators was voluminous. All three of the arbitrators, Robert S. Miller, W. W. Hutton and Ira L. Childers, participated in the hearing and signed the award, but at the end thereof is a notation as follows:

''August 11, 1948
I dissent from the above opinion and will file a minority opinion. I. L. C.''

There are three points made in appellant's brief, which are:

''1. The purported arbitration award is invalid because it was not the unanimous finding and award of the Board of Arbitrators.

''2. The alleged award is invalid because it is not in accordance with the contract of employment and the submission of arbitration.

''3. Arbitrators have no power or authority outside of. and beyond the express powers conferred on them in the submission of arbitration to bind the parties.''

It will be noticed in the contract between the parties to this cause, that in case any controversy or disagreement cannot be settled between the parties themselves, that question shall be determined by a Board of Arbitrators, one to be designated by the Company, one by AFRA and ''if the two persons so selected shall not be able to, or not satisfactorily settle such grievance or controversy, then the two persons last named shall select a third member, * * ,'' and the three of them shall consist of a Board of Arbitration, ''who shall dispose of the matter, and their decision thereon shall be final.'' It is also provided that if the original two arbitrators cannot agree on the third, he shall be appointed by a Judge

of the U. S. District Court. This petition does not show which was designated by the AFRA, which by the defendant or which of the three was the third. The report or arbitration is merely signed by three persons, Robert S. Miller, W. W. Hutton and Ira L. Childers, in that order, with the notation that "I. L. C." dissents and will file a minority opinion. Whether the dissent is to all or part of the award is not shown. Nor does the petition show whether the minority opinion was filed or who "I. L. C." was except that we may assume he was Ira L. Childers, the last signer on the report of the arbitrators. So far as the petition shows the dissentor could have been the third arbitrator selected and the others the original two. Under such circumstances, the award would unquestionably have been legal. Plaintiffs contend that this report is signed only by a majority of the arbitrators and is therefore invalid as there is no provision for a majority finding.

It is true that there is no provision in those exact words. It is also undoubtedly true that the intention of the contracting parties was that an attempt would be first made by the two arbitrators to settle the dispute. If they were unable to do so, then, if they could agree on who the third one would be, were to select him, and the three "shall dispose of the matter * * *." If it had not been the intention of the parties that a majority of the arbitrators could make an award, binding upon the parties, then there would have been no need of selecting the third arbitrator or any number of others, because the disagreement of the two originals would make a unanimous award impossible. We cannot assume that the contracting parties would put a foolish provision in the contract. Clearly it was their intention that if two arbitrators could not agree, and the third arbitrator was added, that a majority of the board thus formed could make a legal and binding award. Otherwise, there would be no reason for having the third arbitrator as the first two were already in disagreement. His selection was to break the deadlock already existing. To hold otherwise would be a manifest absurdity. This conclusion is sustained by the following authorities: Grand Rapids & I. H. Co. v. Jaqua, 66 Ind. App. 113, 115 N. E. 73; Chutter v. Richardson, 113 A. 770, 80 N. H. 116; Sukonik v. Shapiro, 5 A. (2) 108, 333 Pa. 289; Fish v. Vermillion, 70 Kan. 348, 78 Pac. 811; Batty v. Button, 13 Johns (N.Y.) 18; Scudder v. Johnson, 5 Mo. 551; Hobson v. McArthur, 16 U. S. 182, 10 L. Ed. 930.

Plaintiffs further complain that the award is invalid because it is not in accordance with the contract and the submission of arbitration and in their brief they argue that the arbitrators did not pass upon the competency of plaintiff Fleming. They assert that on the contrary, the purported award found that plaintiff Fleming was competent and quote the following sentence from the award:

"We do not believe that any one single item could be pointed to which would denote incompetency within the meaning of this contract. * *"

The absurdity of this contention is clearly apparent when you read the remainer of the award in which this sentence is found and which we have italicized, supra.

Plaintiffs further state that the Board of Arbitrators went entirely beyond their powers when they held that the action of defendant in discharging plaintiff Fleming was not "arbitrary and capricious." But that phrase was used in connection with a finding that Fleming, as a matter of fact, was incompetent and that in discharging him for incompetency, the defendant did not act in an arbitrary and capricious manner, but was completely justified by the evidence in the case.

Plaintiffs cite and rely upon the case of Continental Bank Supply Co. v. International Brotherhood of Book Binders, et al, 239 Mo. App. 1247, 201 S. W. (2) 531. But that case is not in point with the facts here. There the award was prepared by one of the arbitrators (the third one) and was not seen or considered by the other two. There, also, the arbitrators were trying to adjust the differences in relation to entering into a contract and not in relation to differences that existed under a contract already in full force and effect. In discussing the necessity of all arbitrators signing the award, the court there said, however:

"It was necessary that it be signed by all the arbitrators whose concurrence was essential to make it valid unless there was something in the submission to dispense with the signing thereof by all of the arbitrators and to permit Updegraff (the third man) to sign it alone. There is nothing in the recitations in the purported award to indicate that Updegraff had authority to sign it alone."

In that case also, each party to the controversy was to select an arbitrator, and the two were to select a third one, and in case they could not agree on the third person, he was to be selected by the U. S. Conciliation Service. There was no authority for the two original arbitrators to settle the controversy before the third man was selected, but they were to first select the third man and then endeavor to settle the controversy.

Neither do we think the case of Dworkin v. Caledonian Ins. Co., 285 Mo. 342, 226 S. W. 846, touches the question before us here. There, the court merely held that the statute relating to arbitrations could not be extended to include agreements for appraisal.

Thatcher Implement & Mercantile Co. v. Brubaker, 193 Mo. App. 627, 187 S. W. 117, holds that arbitrators have no power to bind the parties beyond the terms of submission and if they assume to act on questions not submitted, those findings are not binding either

on questions of law or fact. To the same effect is the case of Coffin v. German Fire Ins. Co., 142 Mo. App. 295, 126 S. W. 253.

Here, the contract clearly empowers the majority of the arbitrators to make an award and they did not go beyond the question submitted to them in their finding.

The opinion of the Board of Arbitrators is set out in full in the record. It is signed by all three of them as previously stated. It is a clear, learned and logical finding upon the questions presented in the voluminous testimony heard by them and we think is binding on the parties who submitted the questions to them. Plaintiffs' petition shows that the cause was submitted to arbitration, that an extended hearing was had, that an award was made and signed by each of the arbitrators, although one (perhaps) indicated a dissent. For the reasons heretofore discussed, the petition did not state facts sufficient to justify any relief at law or in equity and the learned trial court was justified in sustaining the motion to dismiss.

We need not decide whether this was a statutory or common law arbitration as in Missouri, they are concurrent remedies, (Continental Bank Supply Co. v. International Brotherhood of Book Binders, 239 Mo. App. 1247, 201 S. W. (2) 531) and under either the majority could have made the award, (Sec. 15238 Mo. R. S. A.) when the contract expressly or by inference so provided.

The judgment sustaining the motion to dismiss the petition should be affirmed. It is so ordered. *Dew, P. J.,* concurs. *Broaddus, J.,* concurs. *Cave, J.,* not sitting.