LANCASTER et al. v. CAMPBELL. (No. 2195.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 22, 1920.)

1. APPEAL AND ERROR 🔑930(3)—TRIAL 🔑 350(1)—REFUSAL TO SUBMIT QUESTIONS ANSWER TO WHICH MIGHT HAVE DEMANDED DIFFERENT JUDGMENT ERROR; NO PRESUMPTION THAT JURY WOULD HAVE ANSWERED REFUSED QUESTION SO AS TO CONFLICT WITH THEIR FINDINGS.

If under the evidence an answer requiring a different judgment from that rendered might have been made by the jury to questions refused to be presented, refusal of court to submit such issue was error; but in determining what the jury might have answered it cannot be assumed that they would have found a fact in conflict with what the record shows they did find in response to questions which court submitted.

2. MASTER AND SERVANT 🔑302(1)—ACT OF SERVANT DONE IN FURTHERANCE OF MASTER'S BUSINESS ACTIONABLE.

To bind the master for the conduct of his servant, it is not essential that the latter be authorized to do the very act complained of; it being sufficient if the servant was acting at the time in the line of his employment and in furtherance of his master's business.

3. APPEAL AND ERROR 🔑931(1)—FINDINGS OF COURT PRESUMED IN FAVOR OF JUDGMENT.

On appeal from a judgment, it must be presumed that the court decided questions left to it, and not submitted to the jury, in favor of the prevailing party.

4. MASTER AND SERVANT 🔑305—MASTER LIABLE FOR SHOOTING BY WATCHMAN, THOUGH DONE CONTRARY TO INSTRUCTIONS.

Where master placed armed guard at gate, who arrested plaintiff and wrongfully shot him because he attempted to escape, the master was liable, though he had expressly forbidden the guard to use his weapon for any such purpose.

5. MASTER AND SERVANT 🔑330(3)—FINDING OF LIABILITY FOR ACT OF WATCHMAN IN SHOOTING SUSTAINED BY EVIDENCE.

In an action by a servant shot by an armed guard because plaintiff attempted to leave the guard's custody after arrest, a finding of liability *held* sustained by the evidence.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Action by A. J. Campbell against J. L. Lancaster and others, receivers. Judgment for plaintiff, and defendants appeal. Affirmed.

Prendergast & Prendergast and Hall, Brown & Hall, all of Marshall, for appellants.

. Davidson & Blalock, of Marshall, for appellee.

HODGES, J. This appeal is from a judgment against the appellants for damages on account of personal injuries sustained by the appellee. It appears that in June, 1917, the appellant had its shops and grounds at Marshall inclosed with a plank fence in which gates were placed. For the purpose of protecting the railway property armed guards had been stationed at those gates. On or about June 17th the appellee, who was an employé of the appellant on the above-described premises, had a fight with John Green, a fellow employé, and, apprehending arrest by the sheriff, he started to leave the inclosure in order to surrender to the city authorities. One Cole was stationed as a guard at the gate through which the appellee attempted to pass on his way to the city. The father of the assaulted party approached Cole, told him of the fight, and requested him not to let the appellee pass through. When the appellee appeared Cole took him into custody. Upon hearing that the sheriff was coming the appellee started to return to the shop, he says, for the purpose of getting another suit of clothes. As he walked off Cole ordered him to stop, and upon his failure to obey Cole fired a shot, inflicting the injuries set out in the plaintiff's original petition. This is the second appeal in this case. The former is reported in 209 S. W. 269. The judgment was then reversed upon grounds not necessary to here discuss. The court submitted two issues only to the jury. The first required a finding as to the amount of damages sustained by the appellee. The second was as follows:

"Did the watchman Cole, in the discharge of his duties as watchman at the gate of the defendant, have authority to detain persons going through said gate into and out of the yards of the defendant? Answer 'Yes' or 'No.'"

To this question the jury answered "Yes." The appellant presented and requested the

court to submit the following additional interrogatories:

"(1) Did the watchman Cole, in the discharge of his duties as watchman, have authority to detain Campbell at the gate after receiving information that he had had a fight in the shop of the defendant with another employé?

"(2) When the watchman Cole shot Campbell, was he acting within the scope or the apparent scope of his authority as watchman?

"(3) What was the authority given by the railroad company or its employés to the watchman Cole?

"(4) If Campbell left the gate for the purpose of avoiding being taken in charge by the sheriff, did the watchman Cole have authority from the receivers of the railroad company to shoot him for leaving?

"(5) Did the watchman Cole detain Campbell at the gate and afterward shoot by reason of his supposed authority as watchman, or did he stop Campbell because he was requested to do so by Green? Let your answer be one of the following: 'No; he stopped him because of his authority as watchman,' or, 'He stopped him because he was requested to do so by Green.'

"(6) Did the watchman Cole detain Campbell when he first came to the gate because of his authority received from the employés of the railroad company, or did he detain him because he had been requested to do so by the order of John Green? State which is your answer."

This is not the order in which the appellant presented these requests for the submission of the issues, but they are thus arranged for convenience in discussion. The court refused all of them, and those rulings are assigned as errors.

[1, 2] If under the evidence adduced upon the trial an answer requiring a different judgment from that rendered in this case might have been made by the jury to any of these questions, the refusal of the court to submit such issues was error. But, in determining what the jury might have answered, it cannot be assumed that they would have found a fact in conflict with what the record shows they did find in response to the questions which the court submitted. Having found that Cole had authority from the appellant to "detain" persons going in and out through the gate guarded by him, a further finding that Cole did not have actual authority to detain Campbell, the appellee, under the particular circumstances would not necessarily have required a judgment acquitting the appellant of liability. In order to bind the master for the misconduct of the servant, it is not essential that the latter be authorized to do the very act complained of. It is sufficient if the servant is acting at the time in the line of his employment and in furtherance of his master's business. Railway Co. v. Parsons, 102 Tex. 157, 113 S. W. 914, 132 Am. St. Rep. 857; Rucker v. Barker, 151 S. W. 871; Cobb v. Simon, 119 Wis. 597, 97 N. W. 276, 100 Am. St. Rep. 909;

Staples v. Schmid, 18 R. I. 224, 26 Atl. 193, 19 L. R. A. 824. It may be that the servant had been expressly forbidden to do the act which resulted in the injury and for which the master is sued. Having armed Cole and stationed him at one of its gates with authority to arrest and detain persons passing in and out through that opening, the appellant would be liable for the conduct of Cole in attempting to detain Campbell if Cole was at the time acting in the capacity of a watchman and in furtherance of the appellant's business.

[3-5] The pivotal question, Was Cole acting in furtherance of his master's business? was left to the court, and we must presume that he decided it against the appellant. There was no error in refusing to submit issues Nos. 1, 2, and 3 as above arranged. If in answer to question 4 the jury had found that Cole did not have authority to shoot Campbell when the latter refused to submit to detention, that fact alone would not have relieved the appellant of liability. If Cole, acting as the appellant's guard and in the exercise of the discretion which the evidence shows was conferred upon him, arrested and then shot Campbell because he attempted to escape from Cole's detention, the appellant would be liable, even though it had expressly forbidden Cole to use his weapon for any such purpose. Hence the refusal to submit that issue in the form requested was not error. The fact that Cole might have detained Campbell at the suggestion of Green, the father of the other party to the affray, is not inconsistent with the effort on the part of Cole to make an arrest as watchman and in furtherance of appellant's business. It is too clear to be ignored that Cole was appealed to by Green because Cole was an armed guard stationed at that gate and had the authority to exercise certain police powers on the appellant's premises. Had the jury answered both of those questions in the manner most favorable to the appellant, such answers would not have required the rendition of a different judgment by the court. There is no evidence in the record as to what instructions had been given to Cole about making arrests, or to what extent he should exercise the authority of a police officer on the premises of the appellant. Other watchmen testified in a general way as to what was expected of them and what they regarded as within or beyond the scope of their authority. The facts without dispute show that Cole was an armed guard in charge of a gate through which appellant's employés and other people passed in going onto and from the appellant's premises. He arrested Campbell after having been informed that the latter had engaged in a fight with another employé on these premises; and, because Campbell attempted to leave his custody, Cole shot

him. This violence was unprovoked and unjustified. Cole then held Campbell in his custody, and later delivered him to the sheriff. We think the evidence amply sustains the conclusion reached by the trial court that the judgment is legally correct, and that the recovery is a meritorious one.

The judgment is affirmed.