CITIZENS' NAT. BANK OF ABILENE v. HENTZ et al.     (No. 1579.)

(Court of Civil Appeals of Texas. El Paso. Feb. 28, 1924.)

Appeal and error ⊜⇒930(3)—Assumed in support of judgment that issues not submitted nor requested were found so as to support judgment.

Under the direct provisions of Rev. St. art. 1985, issues not submitted nor requested in a case submitted on special issues are deemed found by the court in such manner as to support the judgment when there is evidence to support such finding.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Action by G. W. Hentz and others against the Citizens' National Bank of Abilene. Judgment for plaintiffs and defendant appeals. Affirmed.

Wagstaff, Harwell & Wagstaff, of Abilene, for appellant.

Stinson, Coombes & Brooks and Ben L. Cox, all of Abilene, and A. L. Curtis, of Temple, for appellees.

HARPER, C. J. Being no objection to the statement of the case made by appellant, we adopt it.

In this case plaintiff G. W. Hentz sued the Citizens' National Bank of Abilene, alleging that on or about the 13th day of June, 1921, he deposited in said bank, subject to check, $2,000, and that the defendant bank entered said deposit in his passbook and returned same to him, and that thereafter defendant refused to honor his check upon said deposit. Plaintiff sued for said amount of $2,000.

Defendant, the Citizens' National Bank of Abilene, answered by general demurrer and general denial and a special plea under oath that there was no consideration for the entry of said amount in plaintiff's passbook. Defendant further answered that on or about the 13th day of June, 1921, there was entered in the passbook of plaintiff the entry above referred to, but that plaintiff did not deposit with it any sum of money, and that said

entry on plaintiff's passbook should not have been made, and was made under a mistake of fact growing out of a transaction with Yancy Yarbrough, who prior to that time had been operating a mill and elevator at Abilene, Tex., known as the Yarbrough Mill & Elevator Company. Defendant pleaded that prior to that date it had taken over the property and assets of Yarbrough Mill & Elevator Company, and had agreed to pay the debts of said company that were strictly mill debts, and no other debts, and that said Yarbrough and Hentz falsely represented to the defendant bank that said company was due plaintiff the sum of $2,000 for borrowed money, which had been loaned by the said Hentz to the Yarbrough Mill & Elevator Company. Said bank alleged that in fact said debt was not strictly a mill debt, but that said Hentz had put the amount of $2,000 into the business as part of the capital, and was part owner. Defendant further pleaded that at the time defendant bank took over said mill said Yarbrough Mill & Elevator Company was indebted to said bank and numerous other creditors in excess of the value of the assets of said company, and said property was taken over for the purpose of liquidating the debts of said company and not for paying back money to the owners of said company; and the said Yarbrough and the said Hentz falsely and fraudulently claimed this debt to be a mill debt, and a debt assumed by the plaintiff, when it in fact was not so assumed, and when defendant discovered this fact it canceled the entry on its books, and notified said Hentz that it would not pay anything on said pretended obligation.

For further answer defendant pleaded that about the 1st day of June, 1921, the said Yarbrough Mill & Elevator Company was in failing circumstances, which fact was known to the said Yarbrough and to the said Hentz, and, after the defendant bank had agreed to take over the assets of said milling company and assumed all milling debts, and after said contract was entered into, the said Yarbrough and Hentz, for the purpose of defrauding defendant bank and concealing assets which had been agreed to be delivered to said bank, in the nighttime and secretly, without the knowledge of defendant bank, shipped out from Abilene, Tex., to Waco, Tex., and other points on the Texas Central Railway Company, one car of flour of the value of $3,000, and converted same to their own use and benefit. Said car of flour was billed out in the name of the said Hentz, and said car was the property of defendant bank under its contract of sale, which fact was known to the said Hentz and to the said Yarbrough. Defendant asked for judgment against both said Hentz and said Yarbrough for the value of said carload of flour.

Plaintiff G. W. Hentz answered by supplemental petition, denying the allegations in

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

defendant's answer and denying the partnership alleged between himself and Yarbrough, and alleged that he had loaned the sum of $2,000 to Y. P. Yarbrough for the purpose of completing construction of the plant of Yarbrough Mill & Elevator Company.

Defendant Y. P. Yarbrough answered the answer and interpleader of defendant bank by special exceptions and denial, a denial of partnership under oath, and alleged that plaintiff Hentz had loaned defendant Yarbrough the sum of $2,000, which was used in completing the construction of said plant.

The case was submitted to the jury on special issues as follows:

"Question No. 1: Was the debt owing Hentz by Y. P. Yarbrough satisfied and discharged by a shipment of flour in the name of G. W. Hentz about June the 7th, 1921? Answer yes or no. Answer: No.

"Question No. 2: Were plaintiff G. W. Hentz and Yarbrough partners in the mill and elevator enterprise on June the 11th, 1921, and some time prior thereto? Answer yes or no. Answer: No.

"In this connection you are charged that a partnership is where two or more persons combine their ability, labor, or skill in a joint enterprise, mutually sharing the profits and losses.

"Question No. 3: Did the defendant Y. P. Yarbrough ship the car of flour on or about the 7th day of June, 1921, for the purpose of defrauding the defendant, the Citizens' National Bank? Answer yes or no. Answer: No.

"Question No. 4: Did the plaintiff G. W. Hentz ship a car of flour on or about the 7th day of June, A. D. 1921, for the purpose of defrauding the defendant, the Citizens' National Bank? Answer yes or no. Answer: No."

Upon this verdict the court rendered judgment for plaintiff for $2,000, and against the bank on its cross-action against Hentz and Yarbrough.

Appealed.

The first, second, and third propositions are to the effect (a) the undisputed evidence being that the $2,000 was used in the completion of the mill; and (b) that it went into the building prior to its completion and operation; (c) to be paid back only in case the mill was not incorporated it constituted the personal debt of Yarbrough and not a mill debt.

The question whether the $2,000 loan was a mill debt or personal debt of Yarbrough was not submitted. So under the statute applicable to submission of a case upon special issues (article 1985, R. S.) the issues not having been submitted and not requested, are deemed found by the court in such manner as to support the judgment, provided there be evidence to sustain such finding. There is evidence to the effect that the money was loaned to Yarbrough to be used in the construction of the mill; therefore a mill debt. But aside from this the bank in accepting the conveyance of the property assumed this debt as a mill debt, promised to pay it, and did give Hentz credit therefor.

Sixth. "The undisputed evidence showing that defendant Yarbrough and plaintiff Hentz, acting together, took from the mill on the night of June 6, 1921, $2,200 worth of flour, and that same was being taken out for the purpose of paying the plaintiff Hentz, and for the purpose of defrauding the bank, and therefore the indebtedness of the defendant Yarbrough to the plaintiff Hentz, if any existed, was offset and canceled by reason of the conversion of said flour."

There is no evidence in this record that the car of flour or the proceeds thereof was taken by Hentz, and the jury has found that he did not ship it for the purpose of defrauding the bank.

The fourth and fifth are that the undisputed evidence is that the car of flour shipped June 6th was in transit when the bank took over the mill by conveyance June 11th, and that the finding of the jury that Yarbrough was not guilty of fraud in shipping out the flour is not supported by the evidence. The evidence in this record is susceptible of the construction and supports a finding that the sale by Yarbrough to the bank had not been consummated at the date of shipment, and therefore was then owned by Yarbrough, and there is no evidence as to when the sale was in fact made; therefore not proven to be a part of the property taken over by the bank.

The court did not, under the evidence in this record, err in refusing to instruct a verdict for the bank against Yarbrough.

Assignments overruled and affirmed.