## GREAT AMERICAN INS. CO. v. MARBURY.
### (No. 558.)

Court of Civil Appeals of Texas. Waco.
July 5, 1927.

1. **Insurance ⚖⇒574(1)—Appraisal of fire loss, not considering property totally destroyed, held incomplete and not binding.**

An appraisal of fire loss, purporting to have been made under the terms of the policy, which did not consider property which was totally destroyed, *held* incomplete and not binding.

2. **Insurance ⚖⇒574(7)—Where neither party asked ·that validity of appraiser's award be submitted to jury, court held to have power to decide award was invalid.**

In an action on an insurance policy, where the company set up an appraiser's award which the insured claimed was invalid, where neither party asked that the validity of the award be submitted to the jury, *held* that the court had the power to find that the award was invalid.

3. **Appeal and error ⚖⇒931(4)—Finding of invalidity of appraiser's award was presumed, where necessary to support judgment and warranted by pleading and evidence (Vernon's Ann. Civ. St. 1925, art. 2190).**

Under Vernon's Ann. Civ. St. 1925, art. 2190, in an action on an insurance policy, where a finding that the appraiser's award was invalid was necessary to sustain the judgment rendered and was warranted by the pleading and evidence, such finding *held* presumed.

4. **Judgment ⚖⇒256(2)—Where case is submitted on special issues, trial court cannot render judgment on theory different from that submitted to jury.**

Where a cause is submitted on special issues on one or more theories, the trial court is not authorized to render a judgment on a theory different from that submitted to the jury.

5. **Judgment ⚖⇒256(2)—Rule against rendering judgment on theory not submitted to jury held not violated because court finding on unsubmitted issue was necessary to support judgment on special issue submitted.**

Rule against rendering judgment· on a different theory than that submitted to the jury *held* not violated in an action on an insurance policy because, in order to render judgment on the issue of fire loss submitted to the jury, it was necessary for the court to find that an appraiser's award was invalid, although the validity of the award was not submitted to the jury.

Error from District Court, McLennan County; Giles P. Lester, Judge.

Suit by Mrs. Gertrude Marbury against the Great American Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Thompson, Knight, Baker & Harris, of Dallas, for plaintiff in error.

Weatherby & Rogers, of Waco, for defendant in error.

STANFORD, J. Suit by defendant in error on an insurance policy issued to her, insuring her household goods, furniture, etc., against loss by fire in the amount of $1,500. It was alleged the household goods were of the value of $3,000, and on January 5, 1926, said property was destroyed by fire, so the policy became due in the amount of $1,500; that she furnished proof of loss, etc.; that defendant failed to pay, any part of said amount. Defendant, after general demurrer and general denial, pleaded specially the provisions of the policy giving the company the right to an appraisal of the loss and damage, and that such an appraisal had been made in the sum of $250, and that same was binding upon plaintiff and was the limit of her right of recovery, etc. By supplemental petition plaintiff specially denied that the appraisal fixed the amount of her loss at $250, alleging said appraisers failed and refused to perform their duties, in that they appraised the damages to only a few pieces of the furniture that they could see the remains of, and refused to appraise any part of her property which had been totally destroyed by said fire and which they could not see and said appraisers so reported in their report but that defendant fraudulently sought to take advantage of the failure of the appraisers to perform their full duty by appraising the property which was totally destroyed as well as the damage to such as was only partially destroyed and which they could see and sought to make plaintiff believe that said appraisers had appraised her complete loss at $250 and that defendant accepted the report of said appraisers as a full compliance with the provisions of said policy and denied liability on said policy and refused to pay any part thereof and in no event would defendant agree that its liability could be fixed at a greater sum than $250 by reason of which facts the defendant waived any further appraisal under the terms of the policy and the defendant is now estopped to set up any proceedings by way of appraisal as a prerequisite to the bringing of this action. The court submitted to the jury only one issue, as follows:

"What was plaintiff's loss as a result of the fire on January 5th, 1926, to her personal property contained in residence No. 1103 North Fifth Street?"

—to which the jury answered, "$1,500;" on which finding, and such additional findings as the court was warranted, under the pleading and evidence, in making, judgment was rendered for plaintiff for $1,500, together with 6 per cent. interest on same from March 7, 1926, to date of judgment, or a total of $1,545, which judgment plaintiff in error presents here for review.

Plaintiff in error will hereinafter be re-

ferred to as the insurer and defendant in error as the assured. The insurer presents only four propositions. Under the first two it contends, in effect, that, the award by the appraisers having been duly returned pursuant to the terms of the policy sued on, and being in due form without basis of being set aside, said award was presumptively valid and should have been enforced by the trial court. Under the remaining third and fourth propositions, it contends, since the jury did not pass upon any issue involving the validity of the award which was returned, the trial court erred in setting said award aside. In other words, that the trial court had no authority to set aside said award, without a verdict of the jury authorizing such action. We will consider all these propositions together. The record discloses that the agent of the insurer inspected the household goods before issuing the policy for $1,500. The evidence is sufficient to show said goods were worth $3,100 and that said agent who wrote the policy for $1,500 told the assured at the time he wrote same that she was not taking a sufficient amount of insurance. The evidence is also sufficient to show that the insured had occupied this same house since 1911, and that the same insurance agency had written insurance on said furnishings since 1911. The evidence is also sufficient to show that said house was almost completely destroyed by the fire, except two rooms, and also the greater part of said furnishings were completely destroyed—burned up. The fire occurred January 5, 1926. The assured, right soon after the fire, delivered to the insurer's agent an itemized statement of the furnishings covered by the policy, including that completely destroyed, as well as that of which some remains or remnant could be found. The insurer kept this statement and produced it upon the trial. Appraisers were appointed and qualified, and on May 5, 1926, made what they termed their award, and what the insurer contends is a valid award, binding upon the assured. The award fixed the damage at $250, reciting: "On all items in evidence, sound value, $250, loss and damage $250."

All of said appraisers testified on the trial, and the evidence is uncontradicted, that they took no account of said furnishings that were burned. They refused to appraise anything except what they could see, one of them testifying:

"We made no account of burned stuff at all; that was the agreement of the three of us. We refused to appraise anything except what we could see the remains of there. There was very little stuff there, just pieces of it—first one piece and another, maybe a rocker, a davenport, and things like that."

Another of the appraisers testified:

"We undertook to appraise only such part of the loss as we could identify from the remains."

The third appraiser testified:

"We were just appraising the furniture that was there, that came out of the house; I don't know how much was in the house."

[1] The policy covered:

"Household furniture, useful and ornamental, beds, bedding, linen, wearing apparel of family, printed books, pictures, paintings, engravings and their frames, musical instruments, plate and plated ware, china, glass and crockery ware, watches and jewelry in use, sewing machines, trunks, valises, bicycles, firearms, sporting goods, fuel and family stores."

[2-5] As above stated, the evidence is sufficient to show the greater part of said goods were completely destroyed—reduced to ashes and débris. The award upon its face shows said appraisers did not undertake to appraise the entire loss, but only the damages to the "items in evidence," and that they took no account of what was totally destroyed. If all of said furnishings had been reduced to ashes and said appraisers had reported no loss, no one, we think, would contend such report was binding on the assured. The pleading and evidence were ample to authorize said purported award to be set aside or ignored. The insurer makes no contention to the contrary. It is evident said attempted appraisal was not complete and therefore not binding on any one. Security Ins. Co. v. Kelly (Tex. Civ. App.) 196 S. W. 874; American Fire Ins. Co. v. Bell, 33 Tex. Civ. App. 11, 75 S. W. 321; Milwaukee Mechanics' Ins. Co. v. West Development Co. (Tex. Civ. App.) 275 S. W. 203; Phœnix Ins. Co. v. Moore (Tex. Civ. App.) 46 S. W. 1131; Adams v. N. Y. Ins. Co., 85 Iowa, 6, 51 N. W. 1149; Joyce on Insurance (2d Ed.) vol. 5, p. 5458. As above stated, the court submitted only one issue, to wit, the amount of the insured's damage, which the jury found to be $1,500. The insurer made no objection to this issue submitted by the court, and makes no contention that the finding of the jury is not sustained by the evidence. In its last analysis, this appeal involves only one question, to wit, Not having submitted such issue to the jury, did the court have the right to find the purported award to be void and to set aside or ignore same? As no issue as to the validity of said award was submitted or requested by either side to be submitted, the court had such right, and it was, we think, his duty to pass upon said issue; and, as the pleading and evidence warranted a finding that said award was void, and should be ignored or set aside, and as such finding on the part of the court was necessary to sustain the judgment rendered, this court will presume the court made such finding. Article 2190; Vernon's Statutes 1925; Phœnix Ins. Co. v. Moore (Tex. Civ. App.) 46 S. W. 1131; Southern Cotton-Oil Co. v. Wallace, 23 Tex. Civ. App. 12, 54 S. W. 638; Mabry v. Kennedy (Tex. Civ. App.) 108 S. W.

177; M., K. & T. Ry. Co. of Texas v. Norris (Tex. Civ. App.) 184 S. W. 261; Lancaster v. Campbell (Tex. Civ. App.) 218 S. W. 550; Citizens' National Bank v. Hentz (Tex. Civ. App.) 259 S. W. 618. It is true as the insurer contends, that, where a cause is submitted on special issues on one or more theories, the trial court is not authorized to render a judgment on a theory entirely different from that submitted to the jury. Insurance Co. v. Richards (Tex. Civ. App.) 278 S. W. 488, and cases there cited. But this exception to the general rule has no application to this case.

We have considered all of plaintiff in error's assignments, and overrule same.

The judgment is affirmed.