## MISSOURI, K. & T. R. CO. OF TEXAS v. MASON. (No. 10041.)

Court of Civil Appeals of Texas. Dallas. Oct. 22, 1927.

**1. Trial ⊙═══365(1)—In submitting case on general charge, jury finds facts and applies law, while on special issues they find facts only.**

Court, in submitting case on general charge, not only submits contested issues of fact, but also directs application of law to facts found by jury, and verdict announces only this application of law, while, in submission on special issues, contested issues of fact are submitted, and verdict announces only jury's findings of facts, to which court applies the law.

**2. Trial ⊙═══350(2)—Each ultimate fact allowing recovery for plaintiff, or of defensive matter defeating recovery, must be submitted to jury.**

Each independent ultimate fact, which, if found for plaintiff, would allow recovery, must be submitted to jury, if pleadings and evidence warrant submission; and likewise each ultimate fact, which, if found for defendant, would defeat plaintiff's cause of action, must be submitted.

**3. Trial ⊙═══352(4)—Refusal to submit special issue as to independent agreement to return notes to plaintiff held proper, where evidence did not raise issue.**

In action to recover ownership and possession of vendor's lien notes deposited by plaintiff with defendant, where defendant's evidence did not raise issues of independent agreement that, if it should develop that plaintiff's son was not responsible for loss of money from defendant's safe, defendant would return notes deposited by plaintiff, or pay money value thereof, refusal to submit defendant's special issue thereon to jury was not error.

**4. Appeal and error ⊙═══1062(2)—Refusal to submit special issue raised by evidence that transfer of vendor's lien notes to defendant was not conditional held reversible error.**

In action to recover ownership and possession of vendor's lien notes deposited by plaintiff with defendant, refusal to submit special issue raised by defendant's evidence showing denial that transfer of notes to it rested on oral agreement that would make transfer conditional, or that consideration for transfer was its promise to refrain from reporting loss from its safe to surety company bonding plaintiff's son, and to retain son in its employ as ticket agent, *held* reversible error.

**5. Appeal and error ⊙═══1062(2)—Submission of general charge, followed only by plaintiff's special issue, accentuated, instead of cured, error in refusal of defendant's special issue.**

In action to recover ownership and possession of vendor's lien notes deposited with defendant, where defendant introduced evidence showing transfer was unconditional, court's general charge, stating contentions of parties, followed only by submission of special issue for plaintiff, accentuated, rather than cured, error in refusal of defendant's issue, since jury might have concluded defendant's issue should not have been considered.

Jones, C. J., dissenting.

Appeal from District Court, Collin County; F. E. Wilcox, Judge.

Action by A. J. Mason against the Missouri, Kansas & Texas Railroad Company of Texas. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Chas. C. Huff and A. H. McKnight, both of Dallas, B. M. McMahon, of Greenville, and Truett & Neathery, of McKinney, for appellant.

Smith & Abernathy, of McKinney, and James & Evans and Harrell & Starnes, all of Greenville, for appellee.

JONES, C. J. Appellee, A. J. Mason, instituted suit in the district court of Collin county, Texas, to recover from appellant, Missouri, Kansas & Texas Railroad Company of Texas, ownership and possession of six vendor's lien notes, each of the principal sum of $500, or the money value of any of such notes that might not be available at the time of the trial. A trial resulted in a judgment in favor of appellee in the sum of $3,848, the amount of the notes, with the provision that appellant might at its option discharge the obligation of such judgment by a delivery into the registry of the court of such of the notes sued for as had not been paid and by a payment of the remainder.

The undisputed evidence is that, on and prior to May 12, 1924, appellee's son, Roy Mason, was in the employ of appellant in the capacity of ticket agent at San Antonio, Tex., and that, as such employee, he had the exclusive control and possession of the safe in appellant's ticket office; that on the previous night the safe in such office was robbed of approximately $3,200; that some time thereafter the vendor's lien notes in question were duly transferred by written conveyance to appellant for a recited consideration of the cash payment of $3,000; that this conveyance purported to place the absolute ownership of the notes in appellant; that Roy Mason continued in the employment of appellant for approximately 10 months after the date of the robbery, when he voluntarily retired from such employment; that, when Roy Mason entered appellant's service, there was executed an indemnity bond, in which was a clause to the effect that the company executing such bond would not be liable for any loss occasioned by robbery, unless such robbery be caused by the connivance or culpable negligence of Roy Mason, and the expression "culpable negligence" was defined to mean "failure to exercise that degree of care and caution which men of ordinary prudence and intelligence usually exercise in regard to their own affairs"; that the bond guaranteed loss

⊙═══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to appellant through "the personal dishonesty or culpable negligence" of Roy Mason, for which he would be liable to appellant therefor.

Appellee's theory of the case is that the transfer and delivery to appellant of the notes in issue was made under an oral agreement that Roy Mason should remain in appellant's employ and the robbery should not be reported to the bonding company; that a thorough investigation of the loss should be made by appellant, and that, if such investigation should determine that the son was not guilty of the robbery of the safe and the theft of the notes, they should be returned to appellee. This theory and appellee's right to recover thereon is set out by appropriate allegations in his first amended original petition.

On the other hand, appellant's theory of the case is that the transfer of the notes, and its resultant ownership thereof, did not rest on any oral contract, but, on the contrary, the transfer was unconditional, and was intended to reimburse appellant for a loss that it believed could be recovered on the indemnity bond; that the consideration that moved appellee to make the transfer was the retention of Roy Mason in its service and the protection of his standing and good name with the bonding company, consequent upon appellant's failure to report the loss to such company. This theory, and appellant's defense thereunder, appear from appropriate allegations in appellant's second amended original answer.

The testimony offered by appellee clearly substantiates his theory of a conditional transfer of the notes and his right to recover on his allegations. On the other hand, the testimony offered by appellant clearly substantiates its theory that the transfer was unconditional, and that there was no agreement at the time of the transfer under the terms of which its ownership could be impeached. It is not believed that any good purpose could be served by setting out in detail the evidence of either party.

[1, 2] The case was tried to a jury, and submitted under the law applicable to a case submitted on special issues. It may be stated generally that the only difference between the submission of a case on a general charge and its submission on special issues is that, in the former, the court not only submits the contested issues of fact, but also directs the application of the law to the facts to be found by the jury, and the verdict announces only this application of the law; while in the latter the contested issues of fact are submitted, and the verdict announces only the jury's findings thereon, the court applying the law to these findings. It is the settled law in this state that each independent ultimate fact, which, if found in favor of plaintiff, would allow a recovery on his part, must be submitted to the jury for its determination, and that each independent ultimate fact, which, if found in favor of defendant, would defeat plaintiff's cause of action, must likewise be submitted to the jury for its determination, provided, of course, the pleadings and evidence give warrant for such submission. This is the rule when cases are submitted under a general charge. M., K. & T. Ry. Co. v. McGlamory, 89 Tex., 635, 35 S. W. 1058; G., H. & S. A. R. Co. v. Washington, 94 Tex. 510, 63 S. W. 534; it is likewise the rule when cases are submitted on special issues. Fox v. Dallas Hotel Co. 111 Tex., 461, 240 S. W. 517; Colorado & Southern R. Co. v. Rowe (Tex. Com. App.) 238 S. W. 908; American Glycerin Co. v. Kenridge Oil Co. (Tex. Civ. App.) 295 S. W. 633; Texas City Transp. Co. v. Winters (Tex. Com. App.) 222 S. W. 541; F. W. & D. C. R. Co. v. Morrow (Tex. Civ. App.) 235 S. W. 664.

Complaint is made, by proper assignments of error, that the trial court failed to observe this rule in the submission of this case, in that the court submitted the issue of fact, which comprehended appellee's case, but did not affirmatively submit the issue of fact which comprehended appellant's defense, and refused to give two special issues requested by appellant comprehending its defense. These assignments of error present the controlling question in this case. In order that the matter may be fairly presented, we copy from the court's charge that portion bearing on this question and the two requested instructions. That portion of the court's charge is as follows:

"1. The undisputed evidence in this case shows that on and prior to May 12, 1924, one Roy Mason, a son of the plaintiff, A. J. Mason, was in the employ of the defendant company as ticket agent at San Antonio, Texas, and that said Roy Mason had the exclusive control and possession of the safe in said ticket office at said place. The undisputed evidence further shows that at some time during the night of May 11, 1924, said safe was robbed and more than $3,000 in money was taken therefrom.

"2. The plaintiff, A. J. Mason, contends, as set out in his pleadings, that the six vendor's lien notes described in the transfer introduced in evidence were transferred by the plaintiff to the defendant company as a pledge with the understanding and agreement, made by and between himself and one J. K. Ellis, who was acting on behalf of the defendant company, that the theft of the money from the defendant's office in San Antonio, Texas, should be further investigated, and that, in the event the defendant should be unable to prove after thorough investigation of the matter that said Roy Mason was the person who had robbed the defendant's safe, that the defendant would return to plaintiff the said vendor's lien notes or the equivalent thereof in money. On the other hand, the defendant contends, as set out in its pleading, that the said notes were transferred to the defendant company for the purpose of paying and making good the loss sustained by reason of the disappearance of said money from said safe.

"3. You are the exclusive judges of the facts proved, of the credibility of the witnesses, and of the weight to be given to their testimony. The law of the case is contained in the charge of the court, and you must be governed thereby.

"4. The burden of proof is upon the plaintiff to establish by the preponderance of the evidence that he made and entered into a verbal contract with J. K. Ellis, acting on behalf of the defendant company, as set out in his first amended original petition.

"5. This case will be submitted to you upon a special issue, hereinafter submitted to you, which you will answer from the evidence, without reference to the effect that your answer may have upon any judgment to be rendered in this case.

### "Special Issue.

"Special Issue No. 1: Did the plaintiff, A. J. Mason, make and enter into an agreement with J. K. Ellis, acting on behalf of the defendant company as alleged by the plaintiff, in which it was agreed that the notes in question were transferred conditionally, and that if the defendant, after thorough investigation, was unable to establish the guilt of said Roy Mason and to prove that he was the person who robbed the defendant's safe, then the defendant would return to the plaintiff said vendor's lien notes or the equivalent thereof in money? You will answer this question Yes or No."

Special issues 1 and 2, requested by appellant and refused by the court, are as follows:

"1. Were the vendor's lien notes described in plaintiff's petition transferred to defendant by plaintiff for the purpose of making good the loss of money in its office in San Antonio in charge of Roy Mason, in order that defendant might be reimbursed without reporting said loss to the surety company that had furnished the bond for said Roy Mason? Answer Yes or No.

"2. Was the transfer of the vendor's lien notes in controversy unconditional, but made with the agreement that, if it should develop that Roy Mason was not responsible for the loss of defendant's money from its office at San Antonio, either civilly or criminally; then defendant would return said notes to plaintiff or pay him the value thereof? Answer Yes or No."

[3] It is not believed that there was error in the refusal of special issue No. 2. Appellant's theory, as reflected by this special issue, is that, while the transfer of the notes in controversy was unconditional, yet there was an independent agreement, based on the promise that, if it should develop in the future that Roy Mason was not responsible for the loss of defendant's money from its office at San Antonio, either civilly or criminally, the defendant would return said notes to appellee or pay him their value. We do not think appellant's evidence raises this issue. It is true that the witness Ellis stated, while on the witness stand, that he intended under such a contingency to recommend the return or payment of the notes, he never testified to any facts that would raise the issue of a binding agreement on appellant to

do this. It is also true that the witness C. C. Huff testified that, after the transfer of the notes, if the money or any portion of it was returned, the plaintiff would be reimbursed for so much returned; but the witness never testified that the transfer of the notes rested on any such agreement. The assignments of error in reference to the refusal to give special issue No. 2 are overruled.

[4] A different question arises as to the assignment of error in reference to the court's refusal to submit special issue No. 1. Appellant, by very positive evidence, denied that the transfer of the vendor's lien notes rested on any oral agreement whatever that would tend to make such transfer a conditional one, and further that the consideration moving appellee to make the transfer of the notes in question was appellant's promise to refrain from reporting the loss to the surety company on Roy Mason's bond and to retain him in its employ. The opinion of the majority of this court is that, under the rule above announced, it was reversible error to refuse to give this requested special issue. The majority do not believe that appellant's defense rests only in the negative of the case alleged by appellee, but that such defense rests in part on affirmative facts, pleaded and proven by appellant, not necessarily called to the attention of the jury by the submission made by the court, and that requested special issue No. 1 cured this omission in the main charge, and fairly submitted to the jury appellant's defense; that, under the doctrine announced in the decisions cited above, it was error to deny to appellant this right of an affirmative submission of the ultimate fact of an unconditional transfer for the consideration submitted in the requested special issue.

[5] The majority also is of the opinion that, as the trial court stated in its charge to the jury the respective contentions of the parties, and followed this only by a submission of an issue embracing appellee's contention, the error in the refusal to submit the special issue embracing appellant's theory was accentuated rather than cured; for the jury might have concluded that the court did not believe appellant's contention should be considered. To sustain this view, reliance is had on the case of Colorado & Santa Fé R. Co. v. Rowe, supra, in which Rowe had recovered judgment for an alleged negligent injury. The evidence raised the issue of "unavoidable accident," and the railroad company requested the submission of this issue to the jury, which was refused. It was contended by Rowe that no harm was done appellant by refusal of the submission of the issue of accident, for the reason that such issue necessarily entered into the consideration of the issue of the railroad company's negligence, and the finding that the injury was the proximate result of the negligence of the company was necessarily a finding

that it was not the result of an accident. This case reached the Supreme Court, and the opinion was written by the Commission of Appeals, the holding being approved by the Supreme Court. Among other things said on this question is the following:

"If a finding that the defendant was negligent was a negative finding that there was no accident, likewise a finding that death resulted from accident would have been a negative finding that there was no negligence. Therefore each issue should have been submitted to the jury, so that notice of both might have been given, thereby affording them equal opportunity to attract the attention and win the favor and secure the approval of the jury instead of requiring the issue of accident to stand outside, with only the probability of being considered and with no greater possibility of favor than silent approval involved in the rejection of its rival."

In the reported case, there was no pleading raising the issue of "unavoidable accident," but the court held that the general denial pleaded by the railroad company raised the issue of accident, and that this issue was co-ordinate with the issue of negligence. So the majority of the court believes that the issue of unconditional transfer of the notes for the consideration, submitted in the refused instruction, is co-ordinate with the issue of conditional transfer as submitted by the court.

Because of this error, the majority of this court is of the opinion that this case should be reversed and remanded. All other assignments of error are overruled.

JONES, C. J. (dissenting). The writer is of the opinion that there was no reversible error in refusing to submit requested special issue No. 1. The due transfer of the vendor's lien notes placed their legal title in appellant. This title would remain in appellant unimpaired, unless appellee proved, by a preponderance of the evidence, that the transfer rested on an oral agreement which made it a conditional transfer, subject to become absolute in the event a further investigation by appellant proved that Roy Mason had robbed the safe. The undisputed evidence shows that the investigation had ended, and that no such proof was in the hands of appellant. The ultimate fact to be determined at the trial of the case therefore was: Did the transfer rest on an oral agreement that made it a conditional one? The material evidence all revolved around this one issue—that of appellee, to the effect that such oral agreement was entered into; that of appellant, to the effect that no such oral agreement was entered into. If the jury did not believe that appellee had discharged the burden resting upon him by proving the oral agreement by a preponderance of the evidence, then appellee's case failed. It has never been held, so far as we can recall, that it was error for a court to refuse a request-

ed instruction embodying a special issue which merely was an affirmative submission of the negative side of plaintiff's case. C., R. I. & G. Ry. Co. v. De Bord (Tex. Civ. App.) 146 S. W. 667. This case was reversed by the Supreme Court, but not on this question. 109 Tex. 20, 192 S. W. 767.

The case of S. A. U. & G. R. Co. v. Dawson (Tex. Civ. App.) 201 S. W. 247, is another case in point. Dawson recovered judgment against the railroad company for alleged negligent injuries. An issue of who was Dawson's master at the time of the injury was made both by the pleadings and by the evidence; the railway contending that Dawson was the employee of an independent contractor, and not in its employ, and Dawson contending that he was not in the employ of the contractor, but in that of the railway company. The case was submitted on special issues, this issue being submitted as follows: "Was plaintiff in the employ of the defendant when the injury occurred?" The railway company requested the submission of the following special issue: "Was appellee an employee of the contractor when the injury occurred?" The court disposed of the matter in these words:

"The same issue could have been submitted in either the form given or in the form refused; but, being given in one form, it was not error to refuse to give it in the refused form."

The Supreme Court denied a writ of error in this case.

A case in court must necessarily take shape and form from the allegations in plaintiff's petition, and this is especially true if the defense amounts to only a denial of the existence of the facts that constitute plaintiff's alleged right of recovery. In the instant case, appellee alleged that the transfer of the vendor's lien notes, though absolute on its face, rested on an oral agreement that made it a conditional transfer, and that the condition that would render the transfer absolute had failed. An analysis of appellant's answer to appellee's cause of action discloses that it amounts only to a denial of the oral agreement alleged. It is true that in many cases in court there are numerous evidentiary circumstances which are the subject of controversy in the evidence, and on certain of which circumstances the plaintiff relies to establish the ultimate facts of his case, and on certain other of such circumstances, the defendant relies to controvert such ultimate facts. These are not issues of facts to be submitted specifically for the determination of a jury, because, standing alone, they do not, on the one hand, establish appellee's case, nor, on the other hand, establish appellant's defense. One such evidentiary circumstance is embraced in the requested special issue, namely:

"In order that defendant might be reimbursed without reporting said loss to the surety com-

pany that had furnished the bond for Roy Mason."

This circumstance might be true, and still it would not defeat appellee's cause of action. It is a mere evidentiary matter, from which the jury might conclude that there was no oral agreement of a conditional transfer. We are therefore of the opinion that there was but one issue made by the pleading and the evidence, and that, as the appellee had the affirmative of this issue, it was not error for the court to submit same in the affirmative form given, and, as this submission brought the entire case before the jury for its consideration, and that, as the requested special issue submitted only the negative of the issue submitted by the court, there was no error in its refusal.

However, if mistaken in this, we are of the opinion that no harm could have resulted to appellant by the refusal of such requested submission. The court called the jury's attention to appellee's defense in his statement of the case, and, with their attention thus directed to both the affirmative and negative of the issue submitted, the jury was sent out to consider the verdict. Under the manner in which the issue was submitted, it cannot be presumed that the jury did not consider and weigh appellant's defensive testimony, and we therefore cannot assume that, if there had been submitted to them affirmatively the mere negative of the issue submitted by the court, they would have made a different answer. Lancaster et al. v. Campbell (Tex. Civ. App.) 218 S. W. 550.

In accordance with the view of the majority of this court, the case is reversed and remanded for a new trial not inconsistent with the views as expressed in such opinion.

Reversed and remanded.