CONTINENTAL INS. CO. OF NEW YORK v. GUERSON.

No. 9718.

Court of Civil Appeals of Texas. San Antonio.

April 8, 1936.

Rehearing Denied April 29, 1936.

Frank B. Buchanan, Nat L. Hardy, and T. M. West, all of San Antonio, for appellant.

Kilday & Howard, Jay Sam Levey, and Fred Russi, all of San Antonio, for appellee.

BOBBITT, Justice.

On May 15, 1932, the residence occupied by appellee, in San Antonio, Tex., was partially destroyed by fire, and the furniture, household goods, and 'personal effects of appellee and his wife were damaged or destroyed. Fire insurance in the amount of not to exceed $1,500 was carried on such household furniture and personal effects by appellee with the appellant company. Immediately after the fire the agent of appellant was furnished by appellee with a list of alleged lost and damaged articles aggregating $2,220.60, and claim or proof of loss duly made under the terms of the policy of insurance. When the policy of insurance was executed and delivered by the agent of appellant to appellee, the said household goods, furniture, and personal effects were appraised and valued by appellant at $2,000.

Appellant refused payment as demanded by appellee, and resort was had by the parties to the provisions of the policy providing for the appointment, by the respective parties, of an appraiser on behalf of each, and an umpire, as stipulated in the contract of insurance, for arbitration of their differences.

The agreement for arbitration in the customary form was duly signed by the parties on June 3, 1932; appellant chose one A. A. Albert in its behalf, and appellee, William Gill. On the same day said two arbitrators selected M. S. Erckener as umpire, and each of the three duly executed, before a notary public, the declaration of appraisers, as follows:

"We, the undersigned, do solemnly swear that we have no interest as employees, relatives, creditors, or otherwise in either of the parties to the foregoing Agreement, and that we will act with strict impartiality in the discharge of our duties as Appraisers, rendering an award to the best of our knowledge, skill and judgment. Witness our signatures hereto."

On June 6th, thereafter, said three parties returned the following report, being a unanimous decision, duly signed and sworn to by each:

"We, the undersigned, pursuant to the within appointment, do hereby certify that we have truly and conscientiously performed the duties assigned us in accordance with the foregoing stipulations and have appraised and determined the actual cash value of said property on the 15th day of May, 1932, and the actual loss and damage thereto by the fire which occurred on that day, to be as follows, to-wit:

"On Household furniture........
     Sound Value .............$518.50
     Loss and Damage........... 473.75
"Total amount of award, Four Hundred Seventy-three and 75/100 ($473.75)."

Appellant thereupon offered to pay appellee the said sum of $473.75 in full settlement of all claims under the terms of the

policy of insurance, contending that the agreement for arbitration as duly executed by and between the parties, and the said findings made pursuant thereto, and in the said amount so found by the arbitrators and the umpire, were in all things valid and binding on each of the parties thereto.

Appellee, however, refused to be bound by the finding of the arbitrators or to accept the said amount so determined and offered to him by appellant, and on September 12, 1932, filed this suit in the Forty-fifth district court of Bexar county to collect on the policy of insurance, in accordance with its terms; making the usual and requisite allegations in respect thereto, concerning execution of the policy, loss by fire, proof of loss, demand for and refusal of payment. Appellee further alleged the facts relating to the agreement for arbitration of the claim, but contended that appellant would not attempt to adjust the loss or pay the claim without resorting to the provisions of the policy providing for such arbitration; that the purported award of the arbitrators was not, for various alleged reasons or assertions, in any manner binding upon appellee, and that same should be in all things set aside and held for naught.

Specifically, appellee alleged: (a) That A. A. Albert, selected by appellant, was incompetent and wholly uninformed as to the kind and character of the property lost, that he was not impartial, but was biased in appellant's favor, and in reality acting for and on behalf of appellant; that he influenced the others and was directly responsible for the award; (b) that said Albert took the lead and was instrumental in securing the award in favor of appellee, which was grossly inadequate and far below the true value of the property lost; (c) that the other parties to the award agreed to recommendations made by Albert, and that they had and secured no information concerning the property other than as given to them by said Albert; (d) that the appraisers had and sought no information as to the character or quality of the property lost, either before or after the fire, that they wholly failed to hear any evidence or call any witnesses to inform themselves or secure any true information concerning the property lost; (e) that F. A. Towne, agent of appellant, was in charge of the appraisement for appellant and gave the appraisers their instructions, that appellee and his wife requested permission of said Towne to be present at the time of the appraisement, to give true information as to the kind,

character, and condition of the lost property, that they were informed by Towne of the time and place, but when they presented themselves for such purpose they were informed that the appraisement had already been made; (f) that all of said appraisers were biased in favor of appellant and that all of said appraisers were partial to appellant, and the figures arrived at by said appraisers as constituting the sound value of said property and the figures constituting the loss and damage are not in truth and in fact the sound value and loss and damage thereof, for the reason that said appraisers did wholly fail to ascertain either the sound value or the loss and damage of said property and simply wrote down and returned an arbitrary figure arrived at without any investigation or evidence and without any knowledge of the actual sound value thereof and without any knowledge of the loss and damage thereof; (g) that the figures agreed upon as an appraisement were arrived at by reason of the fraud practiced upon said appraisers by appellant and by reason of the fraud practiced upon the other appraisers by said Albert, who furnished the only information before them as to the kind, quality, and condition of the property covered by the policy; (h) that the award was the result of a mistake on the part of the appraisers as to the value, kind, and character of the property, because they failed to acquaint themselves with the true facts or to adequately deliberate upon the matter; (i) that by reason of such fraud on the part of appellant and said Albert, and the gross mistake of the appraisers, the "sound value" of the said property was placed at the "grossly inadequate" value or amount of $518.50, whereas the true and actual value thereof was $2,220.60, and the loss and damage to said property was placed at $473.75, which is grossly inadequate and the result of the incompetency, bias, and partiality on the part of the appraisers in favor of appellant; (j) that for such reasons the award and appraisement should be held for naught and set aside.

By order duly entered on May 15, 1933, the case was transferred to the Seventy-third district court of Bexar county, where it was tried before a jury, and judgment entered against appellant on the 22d day of November, 1934.

Appellant generally and specially excepted to the pleadings of appellee in the utmost detail, and denied generally the allegations of appellee; pleaded the appraisal provision of the policy of insurance; al-

leged that the appraisal agreement had been duly entered into between the parties, pleading same in extenso; that the board of appraisers had made an award of $473.75, duly signed by all the appraisers, and that appellant had tendered that amount to appellee; that appellee had repudiated his appraisal agreement and refused to accept the said sum of $473.75, which amount appellant likewise tendered into court, in full satisfaction of appellee's damages.

The trial court overruled all of appellant's general and special exceptions, and submitted the case to a jury on certain special issues and under certain definitions and instructions. The jury thereupon found the facts as follows:

(1) That the appraisers acted arbitrarily in finding $518.50 as the sound value of the personal property in question.

(2) That the appraisers acted arbitrarily in finding $473.75 as the loss and damage to the personal property in question.

(3) That the sum of $518.50, as found by the appraisers as the sound value of the property in question, is grossly inadequate.

(4) That the sum of $473.75, as found by the appraisers as the loss and damage to the property in question, is grossly inadequate.

(5) That the pecuniary loss or damage caused to the property and effects of appellee while contained in the house, by reason of the fire in question, was the amount of $1,670.

Upon such findings and verdict the court entered judgment in favor of appellee and against appellant in the sum of $1,500, with interest, the maximum amount of the policy. From such judgment, appellant brings this appeal.

▆ Appellant challenges the validity of the judgment entered herein through six propositions, and numerous assignments of alleged error, on the part of the trial court. The first proposition is to the effect that, where a party has entered into an agreement to have the amount of fire loss determined by an award of appraisers, every reasonable presumption will be indulged to sustain the award, and the burden of proof is upon such complaining or objecting party to show by a preponderance of the evidence, that the award is invalid because of partiality on the part of the appraisers or that the award was the result of fraud, accident, or mistake, and was not the result of the appraisers' best judgment; that the appellant herein pleaded such issues or facts, but wholly failed to substantiate the same by proof, and that the court should have, therefore, granted appellant's request for an instructed verdict.

The proper disposition of this proposition, it seems clear, is the controlling question or issue in this appeal.

As a general principle, appellant's proposition states the correct rule in respect to the question before us [Pacific Co., Limited, v. Atkinson (Tex.Civ.App.) 83 S.W. (2d) 441; Gulf Ins. Co. v. Pappas (Tex. Civ.App.) 73 S.W.(2d) 145, and authorities cited; Orient Ins. Co. v. Harmon (Tex. Civ.App.) 177 S.W. 192, and cases cited], and we adhere to the rule that an award made by appraisers is supported by every reasonable intendment and presumption, and that it should not be disturbed or vacated unless it was made without authority, or was the result of fraud, accident, or mistake in that it does not reflect or embody the real judgment of the parties, based upon a fair and honest investigation and determination of the matters submitted under the terms and provisions of the agreement through which they acted. Any errors of judgment, honestly and fairly exercised, on the part of the arbitrators in making the award, are matters with which the courts cannot concern themselves; but if the award returned does not embody their real judgment on the matters as submitted for their determination and award, the courts, under proper pleading and proof, can and should grant relief. Home Ins. Co. v. Ketchey (Tex. Civ.App.) 45 S.W.(2d) 350, and authorities cited; Pennsylvania Fire Ins. Co. v. Waggoner Estate (Tex.Com.App.) 39 S.W.(2d) 593, 595; Id. (Tex.Civ.App.) 41 S.W.(2d) 340; Security Ins. Co. v. Kelly (Tex.Civ.App.) 196 S.W. 874.

▆ The record shows, and appellant concedes, that the pleadings of appellee herein are sufficient to authorize the finding of the jury, but earnestly contends that the proof is wholly insufficient to support or sustain such findings.

The arbitration agreement, among other things, expressly provides:

"It is further understood and agreed that the sound value of said property and the loss and damage thereon shall be determined by said appraisers and umpire as hereinbefore provided, by making an esti-

mate of the actual cash value thereon immediately preceding the fire and of the actual cost price of repairing and replacing same with proper deduction for depreciation, however, caused."

Appellee expressly alleged:

"This plaintiff would further show that all of said appraisers were biased in favor of the defendant and that all of said appraisers were partial to said defendant. That the figures arrived at by said appraisers as constituting the sound value of said property and the figures constituting the loss and damage are not in truth and in fact the sound value and loss and damage thereof, for the reason that said appraisers did wholly fail to ascertain either the sound value or the loss and damage of said property and simply wrote down and returned an arbitrary figure arrived at without any investigation or evidence and without any knowledge of the loss and damage thereof."

In support of such allegations appellee offered, with other facts and circumstances, the following testimony:

(a) W. L. Stiles, agent of appellant, who swore that he personally appraised the property in question only ten days before the fire, and at the time he wrote and delivered the policy sued on. Stiles stated he had represented the appellant insurance company for the past thirty-two years; that it was his duty, and that he always inspected the property to be insured before he insured it; that he inspected and appraised the property in question on May 3, 1932, in the house occupied by appellee at 151 Carroll avenue, which he covered with the policy of insurance here involved; that he had thirty-two years' experience in appraising such property and was familiar with the market value of household property in San Antonio on such date, and that the property in question on such date had a reasonable market value in San Antonio of about $2,000; that he did not include everything, or put down all of Mrs. Guerson's wearing apparel in his appraisal, but that he was satisfied with what he had previously seen, and that the value was in the neighborhood of $2,000; that the part he saw was worth that amount.

(b) Mrs. Gladys Guerson, wife of the insured, testified positively and without contradiction, as to such fact, that all of the property inspected and appraised by appellant's agent, Stiles, on May 3d in her presence, was in the house when the fire occurred causing the loss, on May 15th thereafter. She further testified in detail and at great length, both on direct and cross-examination, as to the class, kind, cost, value, and amount of the property destroyed and damaged. Furthermore, Mrs. Guerson testified that when the arrangement was made for the appraisal, request was made of the appraisers that an opportunity be given her and her husband to be present at the time of the appraisal, in order that she might assist the appraisers, giving them an idea or information as to the amount of the property in the house at the time of the fire; that she was informed that the appraisal would be made at 9:30 o'clock in the morning, but that when she and her husband presented themselves at the house before 9 o'clock, she was informed that the appraisers had already been there and had gone.

(c) In connection with the loss, at the request of and apparently upon the form furnished by appellant, and in compliance with a provision in the policy of insurance, appellee made out in detail, swore to, and delivered to appellant, an itemized list and description, with the prices thereon, of the destroyed and damaged property. The amount of the loss claimed and shown on the list and report aggregated $2,220.50. This instrument was admitted in evidence without limitation, restriction, or objection. It was, and is a sworn, written, and required report, under the very terms of the contract of insurance requested by and furnished to the appellant company by the insured appellee; and it states, among other things, the following: "The actual value of the property thus situated in said premises (residence of appellee) and covered by the aforesaid policy (the one in question) at the time of loss and the actual loss and damage to the same, as shown by the annexed schedule, and for which claim is hereby made is as follows." Then follows the list and values in the utmost detail.

In connection with the introduction of this instrument, but over the objection of appellant, as to her testimony, Mrs. Guerson testified that the actual cash value of the lost and damaged property, as listed, was $2,220.60. On cross-examination, Mrs. Guerson testified that the two destroyed bedroom suites originally cost $1,000 each.

(d) M. S. Erckener, umpire in the appraisal, testified, among other things, that in the discussion and findings of the ap-

praisers, the parties were confined and restricted their examination to the remnants of personal property that were left on the premises after the fire; that the appraisers had and called no witnesses before them in an effort to determine either the sound value of the property prior to the fire, or any other property that might have been totally destroyed; that the condition the furniture is in at the time of the appraisal governs the price; that in making an appraisal upon furniture, in order to make an accurate, fair, and impartial appraisement, one must know the condition of the furniture prior to the fire; that it was not possible for the appraisers to ascertain the condition the property was in prior to the fire, simply by observing the condition it was in after the fire; that he had not seen any of the furniture before the fire; that any items totally destroyed in the fire could not be ascertained as to kind or value by examination of the premises after the fire; that he based his ideas of the value of the property on the cost of veneered furniture as distinguished from solid furniture; and that the type of furniture described as solid maple and solid curly cherry wood was not available at retail stores, but it has to be specially made.

(e) A. A. Albert, one of the appraisers, testified by deposition that he made the appraisal without knowing the amount, condition, age, or quality of any of the personal property covered by his appraisal, except from a list furnished the appraisers; that no witnesses were requested or heard concerning the condition, quality, or value of any of the damaged or destroyed property.

(f) Elejio de la Pena testified that during the month of May, 1932, he was employed by the G. A. Stowers Furniture Company, as head of the finishing department that rebuilt, refinished, and repaired furniture; that in the month of May of that year he was requested to go to 151 Carroll avenue to inspect some damaged furniture, and submit a bid on the repairs of the same, immediately after the fire at that place; that after his investigation he found it unnecessary to make a bid, because the property was damaged beyond repair; that he had then had sixteen years' experience in such business, and that the property he investigated and inspected at such place and described in the list of articles furnished to him could not be repaired and were not worth fixing up; that they had

some maple furniture and other articles there.

In submitting the questions to the jury, the court followed the rules announced in the cases above cited and defined arbitrary action and gross inadequacy as follows:

"By the term 'arbitrarily' as used herein is meant an act done without fair, solid and substantial cause."

"By the term 'gross inadequacy' as used herein is meant a lack of fair and intelligent consideration; shocks the sense of justice, and is entirely unreasonable."

Under appropriate instructions based upon sufficient pleadings and ample, though disputed, evidence, the jury found the facts against appellant, as above set forth. We, therefore, overrule appellant's first proposition.

In the Pappas and Atkinson Cases, supra, so strongly urged by appellant as sustaining its contention in this respect, we call attention to the fact that the arbitrators in those cases had full and complete knowledge of the disputed questions, as to the condition of the property before and after the damages occurred causing the losses sustained, and "after due inquiry" and through the exercise of their "deliberate judgment" based upon a full and fair analysis of the facts and conditions, they made the awards complained of. In those cases, therefore, the issue was an attack upon the judgment, or alleged errors of judgment on the part of the arbitrators. In the case at bar the issue presented and determined against the validity of the award is that the arbitrators certified to and returned an award which does not embody the judgment of the appraisers; that they did not in fact know anything about the condition or value of the lost property before it was damaged, and that they made no effort to secure the information or facts upon which they could base and should have exercised their judgment as to value; that they failed or refused to investigate such facts or to call or hear witnesses concerning the condition or value of the property. Surely it cannot be reasonably contended that the appraisers could fairly determine the value or condition of the property before the fire by simply examining the ashes or remnants of the remains after the fire. Furthermore, it is undisputed that some of the property in question was totally destroyed, and no allowance was made for such loss. The

situation before us is concluded by the court in the case of Home Ins. Co. v. Ketchey (Tex.Civ.App.) 45 S.W.(2d) 350, 353, in these words:

"The distinction between an error of judgment and a total failure to give any consideration whatever to the matter submitted is clear and distinct. In the one case there is the honest exercise of a frail judgment, in the other there is no honest attempt to exercise any judgment, and the award is necessarily a false certification of judgment."

5 C.J. 191; Security Ins. Co. v. Kelly (Tex.Civ.App.) 196 S.W. 874; Pennsylvania Fire Ins. Co. v. W. T. Waggoner Estate (Tex.Civ.App.) 41 S.W.(2d) 340; Id. (Tex.Com.App.) 39 S.W.(2d) 593, 595.

■ Appellant's second proposition is overruled for the reason that in our opinion all of the material issues, including the matters of defense urged by appellant, were fairly covered and presented under the instructions given to the jury in connection with the issues submitted. Appellant cannot complain of the action of appellee in waiving or abandoning any claim or theory of recovery against appellant, prior to the submission of the questions to the jury; nor of the failure of the court to charge the jury in respect to such abandoned claims, when appellant has no definite affirmative plea involving the same question or issue, and where appellant is not in any way prejudiced thereby. Appellant did not specially plead, as matters of defense, the questions or matters covered by its requested special issues numbered 8, 10, 11, 12, and 13, and all questions therein raised were included in and covered by the issues as submitted by the court. Furthermore, under the findings made by the jury on the issues which were properly submitted, a finding in favor of appellant on its said requested special issues would be immaterial. Great American Ins. Co. v. Marbury (Tex.Civ.App.) 297 S.W. 584; American Fire Ins. Co. v. Bell, 33 Tex.Civ.App. 11, 75 S.W. 319; Security Ins. Co. v. Kelly, supra; Rio Bravo Oil Co. v. Daniel (Tex.Civ.App.) 20 S.W. (2d) 369, 371; Chicago, R. I. & G. R. Co. v. Steele (Tex.Civ.App.) 264 S.W. 503; Morton Salt Co. v. Lybrand (Tex.Civ. App.) 292 S.W. 264; Johnson v. Breckenridge-Stephens Title Co. (Tex.Com.App.) 257 S.W. 223.

■■ Concerning the testimony of Mrs. Guerson, wife of appellee, as to the value of the destroyed property, and the question of the proper measure of damages, we give attention to appellant's propositions numbered 3 and 4.

It is undisputed that appellant was generally represented in the matters relating to the losses here complained of by its agent, F. A. Townes. After the fire, Townes requested Mrs. Guerson to have the damaged furniture inspected and an estimate made of the cost of repairs. She complied with this request, and at least one of the written estimates thus made, by the King Furniture Company, was introduced in evidence by appellant. Mrs. Guerson was acting with and for appellant or its agent, at his request, in line with the terms of the policy of insurance, to ascertain the loss insured against and to settle the same. Furthermore, at the request of appellant, appellee and his wife made out a sworn detailed statement of the property lost and destroyed and furnished same to appellant. It is in evidence. The information thus obtained by Mrs. Guerson was used by appellant, and the parties hereto acted upon same. Under such situation, it was not improper for Mrs. Guerson to relate, upon the trial, the facts and figures given to her and by her furnished to appellant, as it had requested. The record shows, also, that in the list of destroyed and damaged property, requested by and furnished to appellant, the prices and values were the same as testified to by Mrs. Guerson; this sworn report or list having been admitted in evidence without objection by appellant, Mrs. Guerson's testimony in connection therewith, particularly since she prepared it, was not objectionable. It is observed, furthermore, that appellant's own "selling agent," Stiles, testified, without objection, that he appraised the damaged and destroyed property before the fire, and that the reasonable market value of same in San Antonio, on May 2, a few days before the fire, was greatly in excess of the value found by the jury, as well as greatly in excess of the amount it was insured for by appellant. In view of all such other evidence and testimony, we hold that the testimony of Mrs. Guerson was not improperly admitted. Even if, technically, she should not have been permitted to testify to the value of the property, there was other and entirely sufficient evidence to warrant the finding by the jury and her testimony would become harmless. Certainly its admission, under the record before us, would not call for a reversal of

598

the case. Appellant's said propositions are therefore overruled. Fidelity & Guaranty Corporation v. Ormand (Tex.Civ. App.) 62 S.W.(2d) 675; Highway Motor Freight Lines v. Slaughter (Tex.Civ.App.) 84 S.W.(2d) 533, 534.

Through propositions 5 and 6 appellant complains of the definitions of the terms "arbitrarily" and "gross inadequacy" as given to the jury by the trial court. We overrule both propositions. The definition of both such terms, as asked by appellant, in its special requested issues, would tend to confuse the jury, as they include words and phrases not in consonance with a plain, reasonable, and intelligent meaning and understanding of such terms. The trial court in the definitions and instructions given, and as above shown, followed the rule of reasonable and fair construction. 4 C.J. 1476; King v. Falls County (Tex.Civ.App.) 42 S.W.(2d) 481; Black's Law Dictionary (2d Ed.) p. 83; Webster's New Int. Dictionary, p. 115; Lee v. Ætna Ins. Co., 82 Mont. 264, 266 P. 640, 643.

Finding no reversible error in the record, the judgment of the trial court is affirmed.